JUDITH C. HENRY v. HAROLD J. HENRY, JR.

No. 7514SC944

(Filed 7 April 1976)

**Husband and Wife § 7; Courts § 21— right of wife to sue husband in tort — what law governs**
  The law of the state in which a wrong occurred rather than the law of the state of the parties' residence applies in determining whether a wife can sue her husband in tort; therefore, a nonresident wife may maintain in this State an action against her nonresident husband to recover for injuries received in an automobile accident in this State.

  Chief Judge BROCK dissents.

APPEAL by defendant from *Preston, Judge.* Order entered 15 September 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 March 1976.

Plaintiff started this action against defendant, her husband, on 30 April 1975. She seeks damages for injuries arising out of an automobile accident allegedly caused by defendant in Granville County on 11 February 1973.

Plaintiff and defendant are residents of Pennsylvania. Under the laws of that jurisdiction plaintiff could not bring this action against her spouse. Defendant moved to dismiss the action. Under the laws of North Carolina a wife can maintain an action against her husband for the alleged tort. The trial judge ruled that the laws of this State apply and denied the motion to dismiss. We elected to pass upon the merits of defendant's appeal from that order.

*DeMent, Redwine, Yeargan & Askew, by Garland L. Askew, for plaintiff appellee.*

*Bryant, Bryant, Drew & Crill, P.A., by Victor S. Bryant, Jr., for defendant appellant.*

VAUGHN, Judge.

The accident, involving residents of Pennsylvania, occurred on an interstate highway in North Carolina. In cases involving intra-family immunity, our Supreme Court has consistently held that it would apply the law of the state where the wrong took place instead of the law of the state of the parties' residence. *Bogen v. Bogen,* 219 N.C. 51, 12 S.E. 2d 649; *Shaw v. Lee,* 258 N.C. 609, 129 S.E. 2d 288; *Petrea v. Tank Lines,* 264 N.C. 230, 141 S.E. 2d 278.

Defendant's counsel persuasively urges that the courts of this State re-examine the position previously taken and hold that the law of the domicile and not the place of the wrong should apply in determining whether a wife can sue her husband in tort. No good purpose could be served here by a review of the well reasoned cases and other writings that support the view urged by defendant. If the question had not previously been resolved by the Supreme Court, we would not hesitate to adopt the view urged by defendant to the extent that plaintiff could not maintain the present action. To so hold would not, we believe, be "to voyage into such an uncharted sea, leaving behind well established conflicts of laws rules." *Shaw v. Lee, supra.* Incapacity to sue because of marital status is a question of family law and not of tort. This State can recognize the consequences of the family status given the parties in the state of their residence without any encroachment on the right of this State to regulate the *conduct* of nonresidents while they are in this State.

Nevertheless, as it should be, the wisdom of determining whether or when the effect of a prior decision of the Supreme Court shall be modified is a matter for exclusive determination by that Court. As the Supreme Court of North Carolina recently said as it quoted with approval from an Iowa case:

> " 'If trial courts venture into the business of predicting when this court will reverse its previous holdings . . . they are engaged in a high-risk adventure which we strongly

recommend against.' " *Smith v. State,* 289 N.C. 303, 222 S.E. 2d 412.

For these reasons the order from which defendant appealed is affirmed.

Affirmed.

Judge MARTIN concurs.

Chief Judge BROCK dissents.