LEAH GAY HINES DOBOS v. JEFFREY DONALD DOBOS

No. 9221DC952

(Filed 20 July 1993)

1. **Divorce and Separation § 460 (NCI4th) — child custody — notice of hearing — content of notice insufficient — proper notice waived**

The trial court properly denied defendant's motion under N.C.G.S. § 1A-1, Rule 60(b) to set aside a child custody order on the ground that defendant did not receive proper notice of the hearing on plaintiff's motion to modify custody where the record reveals that, although the content of the notice of hearing was insufficient to comply with the requirement

that the motions state the grounds and the relief sought, defendant's attorney was present and participated in the hearing and the record contains no indication that defendant's attorney either objected to the introduction of plaintiff's evidence of changed circumstances or sought a continuance of the matter.

**Am Jur 2d, Divorce and Separation §§ 982, 1008.**

2. **Divorce and Separation § 447 (NCI4th) — child custody — change of circumstances — no adverse affect on child — custody not modified**

There was competent evidence to support the trial court's findings that defendant had not met his burden of showing substantial changed circumstances in a child custody proceeding where plaintiff had moved with the child to Texas to live with her parents and had remarried, but plaintiff continues to reside full-time with the child, is the primary care-giver, provides safe and ample living arrangements and a stable environment for the child, and the parties continued to comply with the same visitation schedule as before the move to Texas. The court found, in effect, that the changes which have occurred have not adversely affected the welfare of the child.

**Am Jur 2d, Divorce and Separation §§ 1003, 1011 et seq.**

**Remarriage as basis for modification of amount of child support or custody provision in divorce decree. 89 ALR2d 106.**

Appeal by defendant from orders entered 18 June 1992 in Forsyth County District Court by Judge R. Kason Keiger. Heard in the Court of Appeals 9 July 1993.

*Wendell Schollander and David F. Tamer for plaintiff-appellee.*

*White and Crumpler, by G. Edgar Parker and Joan E. Brodish, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from orders entered 18 June 1992, denying defendant's motions for modification of a custody order entered 31 July 1990 and to set aside the aforementioned custody order pursuant to N.C.G.S. § 1A-1, Rule 60(b).

DOBOS v. DOBOS

[111 N.C. App. 222 (1993)]

Plaintiff and defendant were married on 29 June 1985, and on 8 April 1986, the parties' only child was born. On 28 September 1989, plaintiff instituted an action in Forsyth County District Court for relief from domestic violence and custody of the parties' daughter, who was three years old at the time. On 5 October 1989, the parties entered into a consent order pursuant to which they agreed to alternate custody of the minor child. Plaintiff subsequently sought a divorce from bed and board.

On 11 May 1990, plaintiff filed and served on defendant's attorney a notice of hearing to be held on 6 June 1990, at which plaintiff would seek "such relief as to the court may seem just and proper." Plaintiff and her attorney and defendant's attorney were present at the hearing, at which plaintiff presented, among other things, evidence of changed circumstances affecting the welfare of the parties' child. After the hearing, in an order entered 31 July 1990, the trial court granted plaintiff a divorce from bed and board and modified the consent order of 5 October 1989, pursuant to which the parties had agreed to alternate custody of the child, due to "changed circumstances presented by the evidence" at the hearing. The court granted plaintiff sole care, custody, and control of the minor child and awarded plaintiff attorney's fees in the amount of $500.00. The record reveals no objection by defendant's attorney to the introduction of evidence at the hearing regarding changed circumstances, and defendant did not appeal from this order.

Subsequently, child support and visitation orders were entered in the cause, pursuant to which defendant, who by this time had moved from North Carolina to Ohio, was awarded visitation with the child one weekend per month, two three-week periods each summer, and certain holidays. Plaintiff subsequently moved with the child from North Carolina to Texas. On 3 January 1992, defendant moved to modify the 31 July 1990 custody order, alleging substantial and material change in circumstances, specifically, plaintiff's relocation to Texas and her remarriage. On 3 April 1992, defendant moved pursuant to N.C.G.S. § 1A-1, Rule 60(b) to have the 31 July 1990 custody order set aside on the ground that defendant was not served with notice of the hearing. After a hearing on defendant's motions before the Honorable R. Kason Keiger, the court entered orders on 18 June 1992. With regard to defendant's motion to modify the previous custody order, the court found that certain changes had occurred since entry of the 31 July 1990 custody

order, but concluded that defendant had failed to meet his burden of showing changed circumstances sufficient to justify a modification of the 31 July 1990 custody order, and denied defendant's motion. With regard to defendant's Rule 60(b) motion, the court found that defendant had full actual notice of the hearing on 6 June 1990, and a full opportunity to be heard, and concluded that, therefore, the 31 July 1990 custody order was not void on the ground of lack of notice to defendant. From these orders, defendant appeals.

---

The issues presented are whether (I) the court abused its discretion in denying defendant's Rule 60(b) motion; and (II) the evidence supports the trial court's findings in its order denying defendant's motion for modification of custody, and whether the findings support its conclusions.

I

[1] Defendant argues that the trial court abused its discretion in denying defendant's Rule 60(b) motion to set aside the 31 July 1990 custody order on the ground that defendant did not receive proper notice of the hearing on plaintiff's motion to modify custody, and therefore the order is void.

"Subject to the provisions of G.S. 50A-3, an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . ." N.C.G.S. § 50-13.7(a) (1987). Such motion, to be proper, must be made "on 10 days notice to the other parties and after compliance with G.S. 50A-4," N.C.G.S. § 50-13.5(d)(1) (1987 & Supp. 1992), "shall state the grounds therefor, and shall set forth the relief or order sought," N.C.G.S. § 1A-1, Rule 7(b)(1) (1990), and shall be served upon either the party or his attorney of record. N.C.G.S. § 1A-1, Rule 5(a), (b) (1990). Where a party is given neither proper notice of a motion to modify custody nor an opportunity to be heard, an order modifying a previously entered custody order is void and may be set aside. See N.C.G.S. § 1A-1, Rule 60(b)(4) (1990). However, a party entitled to notice of such a motion may waive notice by attending the hearing of the motion and participating in it. *Brandon v. Brandon*, 10 N.C. App. 457, 461, 179 S.E.2d 177, 180 (1971).

**DOBOS v. DOBOS**

[111 N.C. App. 222 (1993)]

The record in the instant case reveals that, although plaintiff's "Notice of Hearing" was not served on defendant himself, plaintiff properly served the notice on defendant's attorney, and did so in a timely manner in that it was served by mail on 11 May 1990, more than ten days prior to the scheduled hearing. However, despite the fact that a motion may properly be stated in a written notice of hearing on the motion, *see* N.C.G.S. § 1A-1, Rule 7(b)(1) (1990), the content of plaintiff's notice of hearing, seeking "such relief as to the court may seem just and proper," is insufficient to comply with the requirement that the motion state the grounds therefor and the relief or order sought. Defendant's attorney, however, was present at and participated in the hearing, and the record contains no indication that defendant's attorney either objected to the introduction of plaintiff's evidence of changed circumstances or sought a continuance of the matter. Accordingly, defendant waived proper notice of plaintiff's motion to modify custody, and therefore the trial court properly denied defendant's motion to set aside the 31 July 1990 custody order.

## II

**[2]** Defendant argues that the trial court's order denying defendant's motion to modify the 31 July 1990 order granting plaintiff custody of the parties' minor child should be reversed on the ground that the court's findings are not supported by the evidence, the evidence does not support the court's conclusions, and the trial court "grossly abused its discretion."

"Once the custody of a minor child is judicially determined, that order of the court cannot be altered until it is determined that (1) there has been a substantial change in circumstances [adversely] affecting the welfare of the child; and (2) a change in custody is in the best interest of the child." *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992) (citations omitted). The party seeking modification has the burden of showing the necessary change in circumstances. *Id.* at 78, 418 S.E.2d at 679. Because modification of a custody order requires a two-step inquiry, unless the movant meets his burden of showing changed circumstances adversely affecting the welfare of the child, the trial court never reaches the "best interest of the child" question. *Id.* at 77, 418 S.E.2d at 678.

This Court has previously determined that neither remarriage nor a change in a custodial parent's residence is itself a substantial

**DOBOS v. DOBOS**

[111 N.C. App. 222 (1993)]

change in circumstances justifying a modification of a custody decree. *Hassell v. Means*, 42 N.C. App. 524, 531, 257 S.E.2d 123, 127, *disc. rev. denied*, 298 N.C. 568, 261 S.E.2d 122 (1979); *Barker*, 107 N.C. App. at 78, 418 S.E.2d at 679. However, evidence that the remarriage or relocation is detrimental to the child's welfare is a substantial change of circumstances which would support modification of a custody order. *Kelly v. Kelly*, 77 N.C. App. 632, 636, 335 S.E.2d 780, 783 (1985); *Barker*, 107 N.C. App. at 79, 418 S.E.2d at 679.

In the instant case, the trial court found that certain changes in the life of plaintiff and the child had taken place since the entry of the 31 July 1990 custody order, specifically, plaintiff's move with the child to Texas to live with plaintiff's parents, and plaintiff's remarriage. The court found, however, that plaintiff continues to reside full-time with the child and is the primary caregiver, and provides safe and ample living arrangements and a stable environment for the child; and that the parties continue to comply with the same visitation schedule established prior to plaintiff's move to Texas. In effect, the court found that, although changes have occurred, they have not adversely affected the welfare of the parties' child. The court concluded based on these findings that defendant had not met his burden of showing substantial changed circumstances. Because there is competent evidence in the record to support the court's findings, which in turn support its conclusion, we are bound by them. *Crosby v. Crosby*, 272 N.C. 235, 238, 158 S.E.2d 77, 80 (1967). We therefore reject defendant's assignments of error in this regard.

Affirmed.

Judges EAGLES and LEWIS concur.