LEONARD GRAY SPEAKS AND NANCY CARDWELL SPEAKS, PLAINTIFFS v. FAWEZ
FANEK AND MARY DALE FANEK, DEFENDANTS

No. COA95-247

(Filed 7 May 1996)

**Parent and Child § 25 (NCI4th); Divorce and Separation § 359
(NCI4th)— custody modification proceeding—right of fit
natural parent not superior to that of third person**

The rule of *Petersen v. Rogers*, 337 N.C. 397, that a fit natural
parent not found to have neglected the child has a right to cus-
tody superior to third persons, applies only to *initial* custody
proceedings and not to a custody modification proceeding.

**Am Jur 2d, Divorce and Separation § 1010; Parent and
Child §§ 28, 29.**

**Award of custody of child where contest is between
child's father and grandparent. 25 ALR3d 7.**

Appeal by plaintiffs from order entered *nunc pro tunc* 25 January
1995 by Judge Kimberly S. Taylor, in Davidson County District Court.
Heard in the Court of Appeals 4 December 1995.

*Theodore M. Molitoris for plaintiff appellants.*

*Wilson, Biesecker, Tripp & Sink, by Roger S. Tripp, for defend-
ant appellees.*

SMITH, Judge.

The central issue on this appeal is whether the trial court applied
the proper legal standard in a custody modification decision.
Defendants are the biological parents of the children at issue.
Defendants voluntarily relinquished physical custody of the children
in 1989, and legal custody in 1992, to plaintiffs. During the span of
plaintiffs' custody, plaintiffs and the children have resided together as
a family unit.

In 1994, defendants moved the trial court to modify custody,
based on alleged material and substantial changes of circumstance.
The trial court, pursuant to this motion, awarded custody to defend-
ants, after

carefully stud[ying] the North Carolina Supreme Court opinion in
the case of *Petersen vs. Rogers*, 337 N.C. 397, 445 S.E.2d 901

(1994) and the holding of the Supreme Court in that case that absent a finding that parents are unfit or have neglected the welfare of their children the constitutionally-protected paramount right of parents to custody, care, and control of their children *must prevail.*

(Emphasis added.) Based on the above finding, the trial court concluded as a matter of law, that "[t]he constitutionally-protected paramount right of the parents of three minor children, to custody, care, and control of their children must prevail."

While the trial court has correctly cited the rule from *Petersen,* it has incorrectly applied *Petersen* to the instant set of facts. Since the Supreme Court's *Petersen* ruling, we have interpreted *Petersen* narrowly. This Court has repeatedly "interpreted *Petersen* as applying only to an initial custody determination, and not to motions for change of custody based on changed circumstances." *Lambert v. Riddick,* 120 N.C. App. 480, 482-83, 462 S.E.2d 835, 836 (1995); and *see Bivens v. Cottle,* 120 N.C. App. 467, 468-69, 462 S.E.2d 829, 830 (1995), *disc. review allowed,* 342 N.C. 651, 467 S.E.2d 704 (1996).

Unquestionably, this case does not involve an initial custody matter. The trial court's order of 23 March 1992 decrees: "The plaintiffs are granted the full care, custody and control of the minor children, namely SARAH JOY FANEK, SERENE JORDAN FANEK and HANNAH DALE FANEK." Then, again, by its order of 17 November 1992, the trial court reaffirmed plaintiffs' physical and legal custody rights to the Fanek children (we note this was a consent order).

As this Court iterated in *Bivens,* "*Petersen*'s directive is simple and clear: In an *initial* custody proceeding, a fit natural parent not found to have neglected the child, has a right to custody superior to third persons." *Bivens,* 120 N.C. App. at 469-70, 462 S.E.2d at 831 (emphasis added). Application of the *Petersen* standard to a custody modification proceeding is error. *Bivens* outlines the appropriate and mandatory procedure, which must be followed pursuant to N.C. Gen. Stat. § 50-13.7(a) (1987):

"[O]nce the custody of a minor child is judicially determined, that order of the court cannot be modified until it is determined that (1) there has been a substantial change in circumstances [*adversely*] affecting the welfare of the child; and (2) a change in custody is in the best interest of the child." *Dobos v. Dobos,* 111 N.C. App. 222, 226, 431 S.E.2d 861, 863 (1993) (quoting *Ramirez-*

*Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992)). Since, there is a statutory procedure for modifying a custody determination, *a party seeking modification of a custody decree must comply with its provisions.* There are no exceptions in North Carolina law to the requirement that a change in circumstances be shown before a custody decree may be modified.

*Bivens,* 120 N.C. App. at 469, 462 S.E.2d at 831 (emphasis added).

The trial court's order of 25 January 1995 altering custody between the parties is devoid of any best interest analysis. It appears the trial court tailored the findings and conclusions in order to abide by the *Petersen* standard. As *Bivens* illustrates, that is the incorrect standard in a custody *modification* setting.

Thus, we reverse the decision of the trial court and remand. On remand, the trial court may in its discretion, hear any evidence offered by the instant parties (for the purpose of conducting the custody modification analysis required by *Dobos,* 111 N.C. App. at 226, 431 S.E.2d at 863); or alternatively, the trial court may proceed with the *Dobos* analysis if current evidence permits.

Reversed and remanded.

Judges JOHNSON and WALKER concur.