STACY L. PRICE, Plaintiff v. ROBIN HOWARD, Defendant

No. COA95-900

(Filed 18 June 1996)

**Parent and Child § 24 (NCI4th)— custody dispute between natural parent and care giver—right of parent to custody**

A custody dispute between a natural parent and a person who receives a minor child into his home and openly holds out that child as his biological child, but who was excluded as the father by a court-ordered paternity test, is not to be determined according to the "best interests of the child" standard; rather, the court should apply the rule of *Petersen v. Rogers*, 337 N.C. 397, that, absent a finding that natural parents are unfit or have neglected the welfare of their children, the constitutionally protected paramount right of parents to custody, care, and control of their children must prevail.

**Am Jur 2d, Parent and Child §§ 23, 28.**

**Right of putative father to custody of illegitimate child. 45 ALR3d 216.**

Judge JOHN concurring in the result.

Judge GREENE dissenting.

Appeal by plaintiff from order signed 28 March 1995 by Judge Richard G. Chaney in Durham County District Court. Heard in the Court of Appeals 19 April 1996.

*Ann Marie Vosburg for plaintiff-appellant.*

*Mildred T. Hardy for defendant-appellee.*

MARTIN, Mark D., Judge.

Plaintiff, Stacy L. Price, appeals from the trial court's order granting defendant, Robin Howard, sole custody of Dominique Price.

Plaintiff and defendant lived together from approximately November 1985 until some time in 1989. The couple never married. A child, Dominique Price, was born to defendant on 10 June 1986, during the time plaintiff and defendant lived together in Durham, North Carolina. From the time of her birth, plaintiff held out the child as his

biological child and the child believed plaintiff was her biological father. Plaintiff and defendant separated during 1989, with defendant remaining in the Durham area, until the summer of 1991, when defendant moved to Eden, North Carolina. After the separation in 1989, plaintiff became an "equal caretaker" of the child and in some instances the "primary" caretaker. After defendant's 1991 move to Eden, Dominique remained with plaintiff in Durham. In 1992, plaintiff sought sole custody of the child, at which time defendant denied plaintiff was the child's biological father. A court-ordered paternity test excluded plaintiff as the father. At the request of plaintiff, joined in by defendant, the trial court appointed Kristi Olson (Olson) "to serve as Advocate for Dominique." The order of appointment granted Olson "standing to do any act consistent with representing the best interests of the child." She was to be notified of "all hearings, proceedings, interviews, depositions and the like, and shall have [the] right to be present at all these." Finally, Olson was directed to "report to the Court as necessary, with copies of written reports to the respective attorneys of the parties, as circumstances require."

On 29 March 1995 the trial court entered its final order in this action. In that order, the trial court concluded that although "both the Plaintiff and Defendant are fit and proper persons to exercise the exclusive care and custody of the minor child," "it is in the minor child's best interest that she be in the primary physical custody of the Plaintiff." Nonetheless, the trial court concluded that because there was no evidence defendant was unfit or had neglected the child and because, as the trial court implicitly found, plaintiff was not the biological father of the child, the ruling in *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994) did not permit an award of custody to plaintiff. The trial court ordered that defendant be "awarded the exclusive care, custody and control of" the child.

On appeal plaintiff first alleges the trial court erred in finding defendant was a "fit and proper" person to care for the child and had not neglected the child because the findings were not supported by the evidence. The record, however, discloses ample evidence to support the trial court's findings and, accordingly, they are binding on appeal, *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974).

The question for resolution, therefore, is whether a custody dispute between a natural parent and a person who receives a minor child into his home and openly holds out that child as his biological

child is to be determined according to the "best interests of the child" standard.

In *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901, our Supreme Court held "absent a finding that [natural] parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Id.* at 403-404, 445 S.E.2d at 905. *See also Lambert v. Riddick*, 120 N.C. App. 480, 482, 462 S.E.2d 835, 836 (1995); *Bivens v. Cottle*, 120 N.C. App. 467, 468, 462 S.E.2d 829, 830 (1995), *disc. review allowed*, 342 N.C. 651, 467 S.E.2d 704, *appeal retained and disc. review allowed*, 342 N.C. 651, 467 S.E.2d 898 (1996); *Speaks v. Fanek*, 122 N.C. App. 389, ——, 470 S.E.2d 82, 83 (1996).

In the case before us, the evidence tends to show plaintiff and defendant were involved in an intimate relationship before and after the child's birth. During the course of their relationship, the unmarried couple lived together with the child. Because, absent a finding of unfitness or neglect, "the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail," *Petersen*, 337 N.C. at 403-404, 445 S.E.2d at 905, the trial court did not err in awarding custody to defendant.

In plaintiff's final assignment of error, he argues the trial court erred in finding he must share in "all uninsured costs for [the child's] therapy . . . ." We agree and, accordingly, reverse that portion of the order. *See Boyd v. Boyd*, 81 N.C. App. 71, 77-78, 343 S.E.2d 581, 585-586 (1986) (support for minor children is a parental obligation).

Affirmed in part and reversed in part.

Judge JOHN concurs in the result with separate opinion.

Judge GREENE dissents.

Judge JOHN concurring in the result.

The circumstances of the case *sub judice* are compelling. Plaintiff has served as *de facto* father and either as primary caretaker or at a minimum equal caretaker of the minor child since her birth approximately nine years prior to trial, and the record reflects more than occasional indifference on the part of defendant to the welfare of the child. Indeed, the trial court in its order, after considering all

the evidence, observing the parties, and making its determination of their capabilities and the minor child's needs, concluded:

> 3. That it is in the minor child's best interest that she be in the primary physical custody of the Plaintiff, but that the ruling in *Peterson* [sic] *v. Rogers* does not allow this Court to make that award.

Like the trial court and the majority, however, I am constrained to agree we are bound by *Petersen* and therefore concur in the result reached in the majority opinion. *See Mabry v. Bowen*, 14 N.C. App. 646, 647, 188 S.E.2d 651, 652 (1972) ("[T]his Court does not have the authority to overrule decisions of the Supreme Court.").

Nonetheless, I note the strict rule of *Peterson* has been criticized as a rejection of the "best interests of the child" test. *See* Note, *Why the Best Interests Standard Should Survive Petersen v. Rogers*, 73 N.C. L. Rev. 2451 (1995). Further, both the dissent and this Court in the cases cited by the majority have attempted to clarify and distinguish the *Petersen* holding. The fact of a dissent herein affords our Supreme Court an opportunity to address *Petersen* in light of these developments. *See Henry v. Henry*, 29 N.C. App. 174, 175, 223 S.E.2d 564, 565, *aff'd*, 291 N.C. 156, 229 S.E.2d 158 (1976) ("wisdom of determining whether or when the effect of a prior decision of the Supreme Court shall be modified is a matter for exclusive determination by that Court").

Judge GREENE dissenting.

I disagree with the majority's determination that *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994), requires that the trial court be affirmed because there has been no showing of unfitness on the part of the mother. I continue to believe that *Petersen* requires a showing of unfitness or neglect *only* when there is a dispute between a parent, who is living with the child in an intact family, and a third party, and in those situations where parents "have lost custody as a result of some unlawful action by a third party." *Lambert v. Riddick*, 120 N.C. App. 480, 484, 462 S.E.2d 835, 837 (1995) (Greene, J., dissenting). In those situations where the parent does not have custody of the child and seeks custody from a third party nonparent who has custody, an order must be entered awarding custody to such persons as "will best promote the interest and welfare of the child." N.C.G.S. § 50-13.2(a) (1995); *see also Lambert*, 120 N.C. App. at 484, 462 S.E.2d at 837 (Greene, J., dissenting).

PRICE v. HOWARD

[122 N.C. App. 674 (1996)]

In this case, the defendant, natural parent was not living with her child as an intact family and therefore she was not entitled to the *Petersen* parental preference. In other words, it was not necessary for the plaintiff to show that the defendant was unfit or had neglected the child. The custody should have been determined on the basis of the best interest of the child.

The custody determination in this case is also not governed by *Petersen* for another, more fundamental reason, which has not yet been addressed by this Court. In this case, although the plaintiff has no biological relationship with the child, "biological relationships are not [the] exclusive determination of the existence of a family." *Smith v. Organization of Foster Families*, 431 U.S. 816, 843, 53 L. Ed. 2d 14, 34 (1977). "No one would seriously dispute that a deeply loving and interdependent relationship between an adult and a child in his or her care may exist even in the absence of blood relationship." *Id.* at 844, 53 L. Ed. 2d at 35. Here the plaintiff and the child were part of the same family for six years. He had taken the child into his home, with the consent of the mother, and held the child out to others as his biological child. Had the defendant attempted to release the child for adoption, she could not have done so without the plaintiff's consent. In North Carolina, the adoption of a child cannot proceed without the consent of "[a]ny man who may or may not be the biological father" of a minor child if that man has "received the minor into his home and openly held out the minor as his biological child." N.C.G.S. § 48-3-601(2)(b)(5) (1995); *see* N.C.G.S. § 48-3-603 (1995) (listing exceptions not applicable here).

Therefore, this plaintiff, although not the biological parent of the child, must not be treated like a third party nonparent within the meaning of *Petersen*. Within the meaning of *Petersen*, the plaintiff is more like a parent and thus the best interest test should be applied.[1] It is thus not necessary that the plaintiff show that the defendant was unfit or has neglected the child. I would reverse the order of the trial court and remand this matter to be decided using the best interest of the child analysis.

---

1. It is not necessary to address, as the issue is not raised on these facts, what rights the plaintiff would have in a custody dispute with the defendant if another man were to be judicially determined to be the biological father of the child. *See* N.C.G.S. § 48-3-603(a)(2) (1995).