TYSON, Judge.
Scott Parsons ("Defendant") appeals from a Wilkes County District Court order granting the parties joint legal custody of their minor child. Defendant also petitions for a writ of certiorarito review the Wilkes and Guilford County District Court's orders denying his petition to register a foreign custody order. We allow Defendant's petition to issue the writ. We vacate and remand the Wilkes County order.
I. Factual Background
Defendant lived in Tennessee and enlisted to serve in the National Guard in August 2007. He also began dating India Wheeler ("Plaintiff") around that time. In November 2007, Plaintiff learned she was pregnant. Shortly thereafter, she decided to return to Kentucky to live with her mother and grandmother. Plaintiff and Defendant lost contact after she returned to Kentucky. Defendant reported for basic training in March 2008.
The parties' child, S.T.P., was born in July 2008. The parties were not in contact with one another at this time. Plaintiff failed to notify Defendant when S.T.P. was born. Defendant and his family began visiting Plaintiff and S.T.P. in Kentucky when S.T.P. was ten or eleven months old. Plaintiff received public assistance for S.T.P. The Commonwealth of Kentucky commenced a child support action against Defendant.
In June 2010, Plaintiff moved in with Defendant and his family in Tennessee. Although Plaintiff and Defendant lived in the same house to co-parent S.T.P., they did not resume their romantic relationship.
The parties jointly signed an order entitled "Consent Order," filed in Carroll County, Tennessee on 3 June 2010. The Consent Order provided, in part, as follows:
3. The Petitioner, India Wheeler, and the Defendant, Scott R. Parsons, agree to share joint and equal legal and physical custody of [S.T.P.] and both parties believe it is in the best interest of [S.T.P.] that they as the child's parents equally share joint legal and physical custody of the child.
4. The intent of the parties ... is to cohabitate together with their minor child to cooperatively raise and support their minor child thus any current child support obligation of either India Wheeler or Scott R. Parsons should be suspended effective the date of the signing of this Consent Order.
....
6. [The parties] agree that the child's legal name shall be changed from ... Wheeler to ... Parsons.
....
A. [The parties] have ... voluntarily submitted themselves to the jurisdiction of this Court for the purposes of entry of this Consent Order and the resolution of issues related to the parenting of their minor child.
That [the parties] shall each have joint and equal legal and physical custody of the minor child[.]
(emphasis supplied).
In July 2011, Plaintiff, Defendant, and Defendant's family moved to Wilkes County, North Carolina. In 2012, Plaintiff, Defendant, and Defendant's family decided to move to Greensboro, North Carolina. Plaintiff and several members of Defendant's family found jobs, and each worker contributed a portion of their income to the household expenses.
On 28 January 2013, an altercation took place between Plaintiff and Defendant's father, Jerry Parsons ("Jerry"). Jerry told Plaintiff she needed to secure a higher-paying job. Plaintiff moved out of the home that day.
S.T.P. initially remained in the Parsons' home. Plaintiff filed a motion for a domestic violence protective order against Jerry on 30 January 2013. Plaintiff was granted a temporary domestic violence protective order, and she was able to regain physical custody of S.T .P. The Guilford County District Court subsequently dismissed Plaintiff's motion for a domestic violence protective order, but Plaintiff retained physical custody of S.T.P.
Plaintiff returned to Wilkes County with S.T.P. in January 2013. Defendant continued living with his family in Greensboro. On 7 February 2013, Defendant filed a motion for registration of the Tennessee Consent Order, in which he and Plaintiff had agreed to joint legal and physical custody of S.T.P. Plaintiff responded by filing a motion to contest the validity of the Tennessee Consent Order. The Guilford County District Court ultimately entered an order denying Defendant's motion to register the Tennessee Consent Order as a foreign custody order on 3 May 2013.
On 22 February 2013, Plaintiff filed a complaint and motion for temporary custody in Wilkes County District Court. In the complaint, Plaintiff requested she be awarded "sole physical and legal custody, care, and control of [S.T.P.]." Defendant filed an answer to Plaintiff's complaint on 25 March 2013. In his answer, he moved to dismiss Plaintiff's complaint and asserted the Wilkes County District Court lacked subject matter jurisdiction "as a Custody Order has been entered in the Juvenile Court of Carroll County, Tennessee." The trial court denied Defendant's motion to dismiss for lack of subject matter jurisdiction.
On 2 June 2014, the trial court entered an order awarding joint custody to the parties, with Plaintiff maintaining primary physical custody of S.T.P. In its order, the trial court made findings of fact as follows:
6. While living in Tennessee, an Order was entered which declared the Defendant to be the minor child's father. The Order also changed the child's last name from ... Wheeler to ... Parsons.
....
18. The Plaintiff is a fit and proper person to have primary physical and joint legal care, custody and control of the minor child. The minor child has resided with the Plaintiff since January 28, 2013. The Plaintiff is meeting the reasonable needs of the minor child.
19. The Defendant is a fit and proper person to share physical and joint legal care, custody and control of the minor child. The Defendant has the ability to provide a safe and loving environment for the child and is able to meet the reasonable needs of the child.
Based on the foregoing findings of fact, the trial court made the following conclusions of law:
1. This Court has jurisdiction over the parties and subject matter of this action. North Carolina is the home state of [S.T.P.] and the parties.
2. The Plaintiff and Defendant are fit and proper persons to share joint legal care, custody and control of [S.T.P.], with the Plaintiff maintaining primary physical custody.
3. The best interest and welfare of [S.T.P.] will be served by placing him in the joint legal care, custody and control of the Plaintiff and Defendant and the primary physical custody of the Plaintiff subject to the terms set forth in this Order.
Defendant gave timely notice of appeal to this Court.
II. Issues
Defendant argues the trial court erred by (1) failing to make findings of fact to resolve issues, which were material to the determination of the child's best interests; and (2) denying his motion to register the Tennessee Consent Order as a foreign custody order.
III. Analysis
A. Defendant's Petition for Writ of Certiorari
Defendant filed a petition for writ of certiorarion 9 January 2015. Defendant's notice of appeal is based solely on the trial court's 2 June 2014 custody order. Defendant did not file timely notice of appeal of either the trial court's 3 May 2013 order denying his motion to dismiss or its 22 April 2013 order denying his petition to register a foreign child custody order. Defendant lost his appeal of right of these orders. Defendant asks this Court to exercise our discretion and grant his petition for writ of certiorarito permit review of these orders to aid in understanding the totality of the issues.
"The writ of certiorarimay be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." N.C.R.App. P. 21(a)(1) (2013). Defendant's petition for writ of certiorariis allowed. We allow Defendant's petition to address the merits of his appeal from the trial court's orders denying his motion to dismiss and denying his petition to register a foreign child custody order.
B. The Tennessee Consent Order
Defendant argues the trial court failed to comply with the provisions of the Uniform Child-Custody Jurisdiction and Enforcement Act ("the UCCJEA"). Defendant asserts the trial court erred by denying his motion to register the Tennessee Consent Order as a foreign child custody order. Defendant contends the trial court's subsequent 2 June 2014 custody order appealed from is void for lack of subject matter jurisdiction. We agree.
1. Standard of Review
This Court reviews de novowhether a trial court has properly interpreted a statutory mandate. McKinney v. McKinney,--- N.C.App. ----, ----, 745 S.E.2d 356, 358 (2013) (citation omitted).
2. Analysis
N.C. Gen.Stat. § 50A-305(a) states the statutory requirements for when "[a] child-custody determination issued by another state may be registered in this State, with or without a simultaneous request for enforcement." N.C. Gen.Stat. § 50A-305(a) -(b) (2013). A party seeking registration of a foreign child custody determination must present to the appropriate court:
(1) A letter or other document requesting registration;
(2) Two ... copies of the determination sought to be registered, and a statement under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified; and
(3) ... [T]he name and address of the person seeking registration and any parent or person acting as a parent who has been awarded custody or visitation in the child-custody determination sought to be registered.
N.C. Gen.Stat. § 50A-305(a)(1)-(3).
After review, the registering court shall "[c]ause the determination to be filed as a foreign judgment" and "confirm the registered order." N.C. Gen.Stat. § 50A-305(b), (d). A party seeking to contest the validity of a registered order must establish: (1) the issuing court lacked jurisdiction; (2) the child custody determination sought to be registered has been vacated, stayed, or modified; or (3) the party contesting registration was not given proper notice under the statute. N.C. Gen.Stat. § 50A-305(d).
Here, Defendant sought to register the Tennessee Consent Order as a foreign child custody determination by submitting the statutorily required documents and information to the Guilford County District Court. N.C. Gen.Stat. § 50A-305(a). Plaintiff filed a motion to contest the validity of the registered order and alleged it had been "vacated, stayed or modified by a court with appropriate jurisdiction."
In its 3 May 2013 order, the Guilford County District Court denied Defendant's petition to register the foreign child custody order without stating its reasons for doing so. Prior to settling the record on appeal, the parties stipulated "the court did not grant Defendant-Appellant's motion to register the Consent Order from Tennessee as a foreign custody order based on the court's reasoning that the Consent Order, on its face, did not qualify as a custody order which warranted registration." (emphasis supplied).
The parties' stipulation shows the Guilford County District Court did not conclude Plaintiff had established the child custody determination had been "vacated, stayed, or modified," as required by the UCCJEA, when it denied Defendant's petition to register the Tennessee Consent Order. N.C. Gen.Stat. § 50A-305(d)(2) ("A person seeking to contest the validity of a registered order must request a hearing within 20 days after service of the notice. At that hearing, the court shall confirm the registered order unless the person contesting registration establishes that ... [t]he child-custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so under Part 2.").
The UCCJEA defines "child custody determination" as
a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child.The term includes a permanent, temporary, initial, and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.
N.C. Gen.Stat. § 50A-102(3) (2013) (emphasis supplied).
The Tennessee Consent Order expressly awarded "joint and equal legal and physical custody" of S.T.P. to Plaintiff and Defendant. The Tennessee court based this portion of the order on the following finding:
3. The Petitioner, India Wheeler, and the Defendant, Scott R. Parsons, agree to share joint and equal legal and physical custody of [S.T.P.] and both parties believe it is in the best interest of [S.T.P.] that they as the child's parents equally share joint legal and physical custody of the child.
Reviewing the Tennessee Consent Order in conjunction with the definition of "child custody determination" set forth in the UCCJEA, it is difficult to understand how the Tennessee Consent Order could be viewed as anything other than a child custody determination. The fact that the Tennessee Consent Order contained other provisions, including child support and a change of the child's legal name, is irrelevant. The Tennessee Consent Order specifically granted "joint and equal legal and physical custody of the minor child." The Tennessee Consent Order is a child custody determination and, upon the required presentations in the statute, should have been registered pursuant to the UCCJEA by the Guilford County District Court.
C. Subject Matter Jurisdiction
Having determined the Tennessee Consent Order was a custody order, we must now determine whether the Wilkes County District Court had jurisdiction to enter its 2 June 2014 custody order.
1. Standard of Review
"On review of a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction, the lower court's findings of fact are binding on this Court when supported by competent evidence; we review its conclusions of law de novo." Hammond v. Hammond,209 N.C.App. 616, 631, 708 S.E.2d 74, 84 (2011) (citation omitted).
2. Analysis
N.C. Gen.Stat. § 50A-201 addresses subject matter jurisdiction over an initial custody determination. N.C. Gen.Stat. § 50A-201 (2013). An "[i]nitial determination" is defined as "the first child-custody determination concerning a particular child." N.C. Gen.Stat. § 50A-102(8) (2013).
The Tennessee Consent Order, as stated above, is the "initial child-custody determination" and was entered 3 June 2010. The Wilkes County District Court did not have "initial child-custody jurisdiction" pursuant to N.C. Gen.Stat. § 50A-201.
However, this lack of "initial" jurisdiction does not preclude the Wilkes County District Court from reviewing whether it had modification jurisdiction. See Reece v. Forga,138 N.C.App. 703, 704, 531 S.E.2d 881, 882 ("[A] court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ex mero motuwhen subject matter jurisdiction is lacking.") (citations omitted), disc. review denied,352 N.C. 676, 545 S.E.2d 428 (2000).
Although the Guilford County District Court did not register the Tennessee custody order, as discussed above, registration or lack thereof has no effect upon the determination of subject matter jurisdiction under the UCCJEA. Under N.C. Gen.Stat. § 50A-306(b), registration alone does not confer modification jurisdiction upon the court of the state in which the order is registered. Registration only allows enforcement of the registered foreign custody order. SeeN.C. Gen.Stat. § 50A-306(b) ("A court of this State shall recognize and enforce, but may not modify, except in accordance with Part 2, a registered child-custody determination of a court of another state."). We must consider whether the Wilkes County District Court had modification jurisdiction under N.C. Gen.Stat. § 50A-203.
N.C. Gen.Stat. § 50A-203 sets forth the requirements for a North Carolina court to acquire jurisdiction to modify an existing custody determination of another state. SeeN.C. Gen.Stat. § 50A-203 (2013).
A North Carolina court
may not modify a child-custody determination made by a court of another state unless a court of this State has jurisdiction to make an initial determination under G.S. 50A-201(a)(1) or G.S. 50A-201(a)(2) and:
(1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207 ; or
(2) A court of this State or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.
Id.
In its 2 June 2014 custody order, the trial court concluded it "ha[d] jurisdiction over the parties and subject matter of this action. North Carolina is the home state of the minor child and the parties." It is apparent that the trial court mistakenly addressed this case as one of "initial jurisdiction" under N.C. Gen.Stat. § 50A-201(a)(1) instead of modification jurisdiction under N.C. Gen.Stat. § 50A-203.
However, the trial court's unchallenged findings demonstrate that North Carolina would have jurisdiction to make an "initial determination" under N.C. Gen.Stat. § 50A-201(a)(1). North Carolina was the home state of the child on the date of commencement of this proceeding, and neither the child nor the parents presently reside in another state. All have resided in North Carolina since at least July 2011. Based upon these findings, the trial court had modification jurisdiction under N.C. Gen.Stat. § 50A-203 to enter the 2 June 2014 order.
Although the trial court had subject matter jurisdiction, it erred by making an initial determination of custody, rather than exercising modification jurisdiction under N.C. Gen.Stat. § 50A-203. The trial court must make additional findings of fact and conclusions of law in order to exercise its modification jurisdiction.
Once the custody of a minor child is judicially determined, that order of the court cannot be altered until it is determined that (1) there has been a substantial change in circumstances affecting the welfare of the child; and (2) a change in custody is in the best interest of the child.
Dobos v. Dobos,111 N.C.App. 222, 226, 431 S.E.2d 861, 863 (1993) (citation and quotation marks omitted), overruled on other grounds by Pulliam v. Smith,348 N.C. 616, 501 S.E.2d 898 (1998).
The trial court must take into consideration any change in circumstances and determine whether "the facts show that a substantial change of circumstances has affected the welfare of the minor child and that modification [is] in the child's best interests ." Shipman v. Shipman,357 N.C. 471, 474-75, 586 S.E.2d 250, 253-54 (2003) (citations and quotation marks omitted). The trial court failed to make any findings of fact or conclusions of law to show a substantial change in circumstances since entry of the Tennessee Consent Order.
Conclusory statements regarding parental behavior and bare observations of plaintiff's or defendant's actions are by themselves insufficient to support the modification of an existing custody order. Instead, trial courts should pay particular attention in explaining whether any change in circumstances can be deemed substantial, whether that change affected the welfare of the minor child, and, finally, why modification is in the child's best interests. It is not sufficient that there may be evidence in the record sufficient to support findings that could have been made. The trial court is required to make specific findings of fact with respect to factors listed in the statute. Moreover, the trial court cannot, on the one hand, conclude there was not a substantial change of circumstances and, at the same time, change the existing order.
Davis v. Davis,--- N.C.App. ----, ----, 748 S.E.2d 594, 599 (2013) (citations and internal quotation marks omitted.)
Due to the absence of such findings and conclusions in the trial court's custody order, the order must be vacated and this case remanded for entry of a new order with additional findings of fact to address modification of custody.
D. Findings of Fact Material to Determination of Child's Best Interests
Defendant argues the trial court erred by failing to make findings of fact resolving issues which were material to a determination of the child's best interests. Since we vacate and remand the trial court's custody order based on jurisdictional grounds and set forth the statutory requirements for any modification of the initial custody order, we need not address this argument.
IV. Conclusion
The Tennessee Consent Order is a custody order. That court made an initial child custody determination. The North Carolina trial court must make appropriate findings of fact and conclusions of law to show it acquired modification jurisdiction under the UCCJEA. The trial court's order is vacated and remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered 2 June 2014 by Judge Jeanie R. Houston in Wilkes County District Court. Heard in the Court of Appeals 22 April 2015.