IN THE MATTER OF THE WILL OF ORA CHURCH, DECEASED

No. COA95-401

(Filed 6 February 1996)

**1. Wills § 27 (NCI4th)— holographic will—"safe place" defined**

N.C.G.S. § 31-3.4(a)(3) requires that a paper writing sufficient to pass as a holographic will must be found, after the death of the testator, in one of five different places: (1) among the testator's valuable papers; (2) among the testator's valuable effects; (3) in a safe deposit box; (4) in a safe place where it was deposited by the testator or under his authority; or (5) in the possession of a person or firm with whom it was deposited by the testator or under his authority for safekeeping.

**Am Jur 2d, Wills § 705.**

**2. Wills § 27 (NCI4th)— handwritten will found in pocketbook in testator's bedroom—"safe place"**

The evidence was sufficient to support a finding that testatrix's handwritten will was found in a "safe place" where it tended to show that testatrix stored valuable belongings in her pocketbooks which she kept in her bedroom; one pocketbook on the

IN RE WILL OF CHURCH

[121 N.C. App. 506 (1996)]

inside of her bedroom door contained insurance papers, the deed to her home, and a bank book; and the handwritten document was in another pocketbook, also in her bedroom, in an envelope labelled "This is my Will."

**Am Jur 2d, Wills § 705.**

Appeal by caveator from order and judgment entered 23 January 1995 in Alamance County Superior Court by Judge W. Osmond Smith, III. Heard in the Court of Appeals 12 January 1996.

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Wiley P. Wooten and Joy Ammons Ciriano, for caveator-appellant.*

*Wishart, Norris, Henninger & Pittman, P.A., by June K. Allison, G. Wayne Abernathy and W. Brien Lewis, for propounder-appellee.*

GREENE, Judge.

Virginia Watson (caveator) appeals an order and judgment granting summary judgment to Martha Sexton (propounder) in an action to determine whether propounder is entitled to probate a handwriting found in Ora Church's (testator) bedroom as the testator's holographic will.

The undisputed facts are: Following the testator's death on 17 April 1994, some of her family and friends went to her home to clean it. Hanging on a hook on the inside of the closet door in testator's bedroom was a pocketbook. Inside the pocketbook was an envelope on which was written, "This is my Will, Ora H. Church." Inside the envelope was a hand-written document disposing of the testator's belongings and stating that propounder was to be executrix. Across the room on the inside of the door to the testator's bedroom was another pocketbook which contained her deed to the home, insurance and other valuable papers.

The handwritten document was admitted to probate as testator's holographic will on 6 May 1994, and propounder was appointed executrix. Caveator alleged that the document was not a valid holographic will. Each party filed for summary judgment.

At a hearing on the motions for summary judgment, the trial court found that the document was "written entirely in [testator's] hand-

writing and was subscribed by her and was found after her death in an otherwise empty pocketbook hanging on a hook on the back of her bedroom closet door" while another pocketbook containing insurance papers, a deed and a bank book was hanging on a hook on the back of her bedroom door across the room from the bedroom closet. The trial court further found[1] that the document was deposited in an "other safe place" and qualified as a holographic will.

The issues are (I) whether a handwritten document can be a valid holographic will if found in a "safe place"; and if so (II) whether the evidence supports the finding that the handbag in this case is a "safe place."

I

Prior to 1953, N.C. Gen. Stat. § 31-3 read:

No last will or testament shall be good . . . unless such last will and testament be found *among the valuable papers and effects* of any deceased person, or shall have been lodged in the hands of any person for safe-keeping . . . .

N.C.G.S. § 31-3 (1950) (emphasis added). Section 31-3 was re-written and re-numbered in 1953, and section 31-3.4(a)(3) now requires that the handwritten document be:

[f]ound after the testator's death *among his valuable papers or effects, or in a safe-deposit box or other safe place* where it was deposited by him or under his authority, or in the possession or custody of some person with whom, or some firm or corporation with which, it was deposited by him or under his authority for safekeeping.

N.C.G.S. § 31-3.4(a)(3) (1984) (emphasis added).

The amendment deleted the requirement that the writing be found among the "valuable papers *and* effects" of the testator and now requires that it be found among "valuable papers *or* effects" (emphasis added). Additional language was also added, qualifying the handwritten document if found "in a safe-deposit box *or other safe place.*"

---

1. Although denominated by the trial court as a conclusion of law, we treat this determination as a finding of fact because its determination does not involve the application of legal principles. *See Gainey v. N.C. Dept. of Justice,* 121 N.C. App. 253, 257, 465 S.E.2d 36, 40 (1996).

**IN RE WILL OF CHURCH**

[121 N.C. App. 506 (1996)]

**[1]** Caveator argues that the document must be found "among valuable papers" despite the disjunctive language of N.C. Gen. Stat. § 31-3.4(a)(3). We disagree. Each of the clauses in the current statute, and the one applicable to this case, are connected by the disjunctive "or" and are "independent clauses of a compound sentence and neither clause is dependent upon the other." *Davis v. Granite Corp.*, 259 N.C. 672, 675, 131 S.E.2d 335, 337 (1963). Read in this manner, the statute requires that a paper-writing sufficient to pass as a holographic will must be found, after the death of the testator, in one of five different places: (1) among the testator's valuable papers; (2) among the testator's valuable effects; (3) in a safe-deposit box; (4) in a safe place where it was deposited by the testator or under his authority; or (5) in the possession of a person or firm with whom it was deposited by the testator or under his authority for safekeeping.

II

**[2]** The caveator next argues that the evidence does not support a finding that the pocketbook in this case is a "safe place." We disagree. The record shows that the testator stored valuable belongings in her pocketbooks, which she kept in her bedroom. One pocketbook on the inside of her bedroom door contained insurance papers, the deed to her home and a bank book. The handwritten document was in another pocketbook, also in her bedroom, in an envelope labelled "This is my Will." This evidence supports the trial court's finding that the handwriting was found in a "safe place."[2]

Affirmed.

Judges WYNN and McGEE concur.

---

2. We note that the trial court did not address in its order whether the writing was placed in the pocketbook by the testator or under her authority. The absence of this finding, however, does not affect our holding in this case because the issue was not raised by the caveator in her appeal and consequently will not be addressed by this Court. N.C. R. App. P. 10(a) ("scope of review on appeal is confined to a consideration of those assignments of error set out in the record").