MARY JOHNSON, Plaintiff v. LOUIS ADOLF and, MARY ADOLF, Defendants

No. COA01-536

(Filed 16 April 2002)

## Child Support, Custody, and Visitation— custody—changed circumstances—impact on child—determination required

An order decreeing that the maternal grandmother and the parents of a child share joint legal custody was remanded where plaintiff, the grandmother, had had sole custody, the trial court found that there had been a substantial change in circumstances but never determined that the changes impacted the child positively or negatively, and the court never assessed whether it is in the best interest of the child that the prior order be modified.

Appeal by plaintiff from orders dated 6 October 2000 and 18 October 2000 by Judge Elaine M. O'Neal in Durham County District Court. Heard in the Court of Appeals 12 March 2002.

*Stubbs, Cole, Breedlove, Prentis & Biggs, P.L.L.C., by Barri H. Payne, for plaintiff-appellant.*

*Browne, Flebotte, Wilson & Horne, P.L.L.C., by Candy Pahl, Daniel R. Flebotte, and Ann Marie Vosburg, for defendant-appellees.*

GREENE, Judge.

Mary Johnson (Plaintiff) appeals orders dated 6 October 2000 and 18 October 2000 modifying Plaintiff's sole custody of the minor child Mary Catherine Adolf (Katie) to joint legal custody with the biological parents, Louis Adolf (the Father) and Mary Adolf (the Mother) (collectively, Defendants).

Katie was born 10 April 1992 and is the maternal granddaughter of Plaintiff. In March 1996, a court order was entered granting joint

JOHNSON v. ADOLF

[149 N.C. App. 876 (2002)]

custody of Katie to Plaintiff and Defendants. During the fall of 1996, the Mother, who had care of Katie during the day, was hospitalized twice with delusional and irrational thought patterns for which her doctor increased her medications. Around this time, Katie and her brother were found several times playing in the streets and a report was filed with the Carrollton County Department of Social Services in Kentucky. On several occasions in 1997, Katie arrived at her half-day preschool program without a lunch and improperly clothed. After these occurrences, Plaintiff moved the trial court on 7 February 1997 to modify the March 1996 custody order. In August 1997, the trial court awarded sole custody of Katie to Plaintiff, finding the Defendants unfit to have custody because of the Mother's periods of delusional behavior, Defendants' nomadic lifestyle in that they had moved six times since Katie's birth, and the Father's failure to demonstrate the necessary insights into his wife's condition that would allow Katie to be safe in the home.

On 19 May 1999, Defendants filed a motion to modify the August 1997 custody order. In an order filed 18 October 2000 *nunc pro tunc* for 9 June 2000, the trial court found as fact that "there had been a substantial change in circumstances since 1997."

The trial court concluded as a matter of law that:

2. The proper standard for deciding whether a modification of custody is justified is whether there has been a substantial change in circumstances affecting the welfare of the child. If there has been a substantial change in circumstances, then the [trial] court must consider whether a change in custody would be in the best interest of the child. Bivens v. Cottle [,] 120 N.C. App. 467, 462 S.E.2d 829 (1995).

3. There have been changes in circumstances since August[] 1997.

4. It is not, however, in [Katie's] best interest to move her custody from North Carolina to Iowa at this time.

The trial court further stated it was not entering a permanent order, but it would give Defendants thirty days to consider whether they would be willing or able to move to Durham, North Carolina.

At a 24 July 2000 hearing, the Father informed the trial court that he had a job offer from a firm in Greenville, North Carolina, and had made steps toward moving back to North Carolina. In an order dated

6 October 2000, issuing from the 24 July 2000 hearing, the trial court decreed that Plaintiff and Defendants would share joint legal custody of Katie, with physical custody remaining with Plaintiff until further order from the trial court.

---

The dispositive issue is whether conclusions exist showing that there has been a substantial change of circumstances affecting the welfare of the child and that it is in the best interest of the child to place joint legal custody with Plaintiff and Defendants.

In a custody modification action, even one involving a parent, the existing child custody order cannot be modified except upon a showing by the party seeking a modification that there has been a substantial change in circumstances affecting the welfare of the child and if so, that a change in custody is in the best interest of the child. *Bivens v. Cottle*, 120 N.C. App. 467, 469, 462 S.E.2d 829, 831 (1995), *appeal dismissed*, 346 N.C. 270, 485 S.E.2d 296 (1997). The trial court must first determine whether the movant has met her burden of making these showings. *Id.* Because these determinations involve an exercise of judgment and an application of legal principles, they are appropriately classified as conclusions of law. *See In re Everette*, 133 N.C. App. 84, 85, 514 S.E.2d 523, 525 (1999).

In this case, the trial court stated there "had been a substantial change in circumstances" since entry of the August 1997 custody order.[1] The trial court never determined, however, that the changes impacted the child, either positively or negatively. *See Pulliam v. Smith*, 348 N.C. 616, 620, 501 S.E.2d 898, 900 (1998). Furthermore, assuming the changes impacted the child, the trial court never assessed (in its orders) whether it is in the best interest of the child that the August 1997 child custody order be modified. For these reasons, the orders of the trial court must be reversed and remanded. On remand, because it has been some eighteen months since the entry of the orders modifying custody, the trial court must take new evidence and enter a new order in response to Defendants' 19 May 1999 motion for change of custody.

---

1. Although this statement is included in the trial court's 18 October 2000 order as a finding of fact, and thus inappropriately labeled, this Court will treat it as a conclusion of law. *See In re Will of Church*, 121 N.C. App. 506, 508 n.1, 466 S.E.2d 297, 298 n.1 (1996). Also, there is language included in the conclusion of law section of the order stating that "[t]here have been changes in circumstances since August[] 1997." This language, however, is not adequate to modify a custody order, as the change must be substantial. *Bivens*, 120 N.C. App. at 469, 462 S.E.2d at 831.

Reversed and remanded.[2]

Judges McGEE and CAMPBELL concur.

---

2. Because we are reversing the trial court's orders, it is unnecessary for us to address the other assignments of error raised by Plaintiff in her brief to this Court.