CHARLENE EVERETT, EMPLOYEE, PLAINTIFF v. WELL CARE & NURSING SERVICES, EMPLOYER, DISCOVERY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA06-103

(Filed 21 November 2006)

1. **Workers' Compensation— causation—non-medical testimony—plaintiff unable to break fall following compensable wrist injury**

   Plaintiff's testimony in a workers' compensation case reasonably supported the Industrial Commission's finding that her existing compensable wrist injury prevented her from breaking a fall that fractured her ankle. This case does not involve complicated medical questions; plaintiff's testimony alone is sufficient.

2. **Workers' Compensation— injury arising from employment—fall following earlier injury—finding supporting conclusion**

   A finding that a workers' compensation plaintiff likely would not have fractured her ankle without an earlier compensable wrist injury supported the conclusion the ankle injury arose from her employment.

3. **Workers' Compensation— disability—burden of proof not met**

   A workers' compensation award for temporary total disability was reversed where the finding that plaintiff was unable

to work was based only on her testimony and not on any medical evidence.

Appeal by defendants from opinion and award entered 5 October 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 18 September 2006.

*Peter Grear for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Cameron D. Simmons and Meredith T. Black, for defendant-appellants.*

MARTIN, Chief Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission awarding plaintiff ongoing temporary total disability compensation. Plaintiff suffered an admittedly compensable injury to her right wrist when she was involved in a car accident on 12 December 2000 while driving as part of her job as a social worker with defendant Well Care & Nursing Services ("Well Care"). After the accident, plaintiff experienced right wrist pain, and x-rays revealed no fracture. A subsequent MR arthrogram of plaintiff's wrist revealed a partial TFC tear with no evidence of major ligamentous injury. Initial treatment involved splinting and injection therapy. When those treatments were unsuccessful, plaintiff underwent arthroscopic surgery on her right wrist on 3 May 2001. Well Care and its carrier, Discovery Insurance Company, filed a Form 60 admitting compensability of plaintiff's injury to her right wrist. Defendants paid plaintiff temporary total disability while she was unable to work. Plaintiff received treatment for the injury to her right wrist until 14 December 2001, when she was found to have reached maximum medical improvement with a ten percent permanent partial impairment rating on the right wrist. Her physician stated that her wrist injury did not impair her ability to perform her job as a social worker.

On 23 July 2001, eleven weeks after her wrist surgery, plaintiff was leaving her house when she slipped on her back steps and fell, fracturing her left ankle. Plaintiff contends that she was unable to break her fall because of the injury to her right wrist. She testified that "when I realized I was slipping, I think my natural instinct kicked in. I didn't have strength in my hand to grab the [door]knob or the security bar . . . . As a result, to keep from re-injuring this hand, I just let it go, and I fell on my left side." Her left ankle fracture was addressed by two surgical procedures. Plaintiff continued to see her

physician for her left ankle injury until July 2002 when she reached maximum medical improvement.

On 26 June 2002, plaintiff filed a request for hearing with the Industrial Commission seeking continuing temporary total disability compensation for her right wrist and alleging that the injury to her left ankle from the fall at home was causally related to the earlier injury to her right wrist and, therefore, was compensable. She contended that she was unable to work in any capacity. At the hearing before the deputy commissioner, plaintiff testified as follows:

THE COURT: . . . [A]fter you finished your physical therapy, . . . you're saying you never asked either the physical therapist or your doctor whether you could return to work or, you know, what work restrictions you would have. You also—you didn't contact, I'm assuming, your employer to see at that point if they would be willing to have you return to work; is that right?

THE WITNESS: Sir, I was not physically able to work.

THE COURT: But how do you know? I guess what my question is if you never asked the doctor, work restrictions have never been addressed, how is it that you determined that you are not able to work at all?

THE WITNESS: Because of the constant pain level and my movement. My job required me to do a lot of physical driving from county to county. Not only that, I was in and out of my truck or car, in and out, in and out. I was barely able to move, sir.

. . . .

THE COURT: . . . [H]ave you thought about other types of jobs that you might be able to do with your current condition?

THE WITNESS: I have thought about it, sir. But with my physical being the way it is and my pain and my conversations back and forth and going still back and forth to the doctor—I'm currently in physical therapy trying to get this ankle and leg to some type of normalcy where I'll be able to function like I did before I was injured. So, no, I had not inquired about it and neither had the doctor said anything to me about it.

Plaintiff offered no evidence from her doctors, chiropractor, or occupational therapist indicating that she was unable to work in any capacity.

The deputy commissioner denied compensability of the left ankle injury and awarded permanent partial disability compensation to plaintiff for the ten percent impairment rating on her right wrist. Plaintiff appealed the opinion and award to the Full Commission.

The Full Commission reversed, awarding plaintiff temporary total disability compensation for both the right wrist and the left ankle. Specifically, the Commission found that "but for the plaintiff's lack of use of her right hand due to her compensable injury by accident, she would have not fallen in the manner in which she fell and likely would not have fractured her left ankle." The Commission found that the slip and fall was work related because it was a direct and natural consequence of the compensable right wrist injury. The Commission also found that "[f]ollowing her slip and fall at home on July 23, 2001, the plaintiff was unable to work due to her fractured left ankle" and found that she had been temporarily and totally disabled since 23 July 2001, notwithstanding its finding that she had reached maximum medical improvement for her left ankle injury in July 2002. The Commission concluded that although plaintiff was entitled to permanent partial disability compensation for the ten percent disability to her right wrist, "her greater remedy at the present time" was to receive compensation for temporary total disability pursuant to N.C.G.S. § 97-29. Thus, the Commission awarded plaintiff continuing compensation for temporary total disability until "further order of the Commission," as well as medical treatment for her left ankle and right wrist.

Defendants appealed the Commission's determination that plaintiff's left ankle injury is compensable as arising out of and in the course of her employment, as well as its determination that she is entitled to ongoing compensation for temporary total disability.

---

Defendants make two arguments on appeal. First, defendants argue that the Commission erred in finding that plaintiff's left ankle injury was causally related to her right wrist injury because such findings were not supported by competent evidence and the findings did not support the conclusions of law that the injury was compensable. Second, defendants argue that the Commission erred in finding that plaintiff was and continues to be disabled as a result of her right wrist and left ankle injuries because the findings are not supported by competent evidence and do not support the conclusions of law that plaintiff is entitled to temporary total disability beginning on 23 July 2002 and continuing.

[1] We first consider the issue of causation. Defendants argue that the Commission's finding of fact that the left ankle injury was causally related to the right wrist injury is not supported by any competent evidence and therefore the Commission erred in awarding compensation. An injury is only compensable if it "aris[es] out of and in the course of the employment." N.C. Gen. Stat. § 97-2(6) (2005). " '[A]rising out of' refers to the origin or causal connection of the accidental injury to the employment." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). The plaintiff bears the burden of proving each element of compensability, including causation, by "a preponderance of the evidence." *Holley v. ACTS, Inc.*, 357 N.C. 228, 231-32, 234, 581 S.E.2d 750, 752, 754 (2003). Upon review, however, if there is any competent evidence to support the Commission's findings of fact, this Court must accept them as true. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998).

Finding of fact 10 addresses causation where it states: "The Full Commission finds that, but for the plaintiff's lack of use of her right hand due to her compensable injury by accident, she would have not fallen in the manner in which she fell and likely would not have fractured her left ankle." Plaintiff testified:

A: Well, when I realized I was slipping, I think my natural instinct kicked in. I didn't have strength in my hand to grab the knob or the security bar here in the picture. As a result, to keep from re-injuring this hand, I just let it go, and I fell on my left side.

. . . .

A: . . . It was just that when I felt myself slipping, I did not have the strength in my hand to break my fall.

. . . .

Q: . . .[Y]ou said you let go of the door, because you didn't want to re-injure your right wrist.?

A: As I stepped down, I could not—I had turned around. I could not grab the knob, the handle here, and I fell. I could not break my fall.

. . . .

THE WITNESS: . . . When I went to push the doorknob, when I went out to step down—

THE COURT: Right.

THE WITNESS: —I slipped. And when I did, I could not grab. My hand was not strong enough for me to hold onto the door-knob. That knob is there, since I didn't have a railing, to hold onto, coming in and out of the door.

THE COURT: So the doorknob didn't have anything to do with you falling. You're saying that once you slipped and you were falling, had you had the use of your hand, you would have been able to catch yourself by grabbing onto the doorknob; is that right?

THE WITNESS: Yes, sir, that's what I contend.

Reviewing this evidence in the light most favorable to plaintiff, it reasonably supports the Commission's finding that her wrist injury prevented her from breaking her fall. We note that in cases involving "complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980); *see also Holley*, 357 N.C. at 232, 581 S.E.2d at 753. The present case does not involve a complicated medical question; therefore, plaintiff's testimony alone is sufficient to support the finding of fact.

[2] Even if the evidence supports the Commission's finding of fact, defendants argue that the finding of fact does not support conclusion of law 1, which states "[t]he plaintiff's left ankle injury resulted from an accident arising out of and in the course of her employment in that the incident was a direct and natural consequence that flowed from her December 12, 2000, compensable injury by accident." The Commission correctly cited that, where a second injury arises from an earlier injury and the primary injury arises out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment. *Starr v. Paper Co.*, 8 N.C. App. 604, 611, 175 S.E.2d 342, 347 (1970). To show causal relation, "the evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation . . . ." *Gilmore v. Board of Education*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942). The Commission's finding of fact takes the case out of the realm of conjecture by finding that plaintiff "likely would not have fractured her left ankle." This finding is sufficient to support the Commission's conclusion of law. Accordingly, we affirm the Commission's findings and conclusions with regard to the issue of causation.

**[3]** Defendants next contend that the Commission erred in awarding compensation because plaintiff did not prove by medical evidence that she is entitled to temporary and total disability as a result of her injuries. The Commission found "[f]ollowing her slip and fall at home on July 23, 2001, the plaintiff was unable to work due to her fractured left ankle." This finding is supported by plaintiff's own testimony that she was not physically able to work and that the amount of pain she suffered prohibited her from working in any capacity. Thus, we must accept it as true. *See Adams*, 349 N.C. at 681, 509 S.E.2d at 414. The Commission also found "[plaintiff] has been temporarily and totally disabled . . . as a result of her admittedly compensable automobile accident . . . and her slip and fall." This statement is actually a conclusion of law, and we must review it as such. *See Johnson v. Adolf*, 149 N.C. App. 876, 878 n.1, 561 S.E.2d 588, 589 n.1 (2002). We therefore consider whether the finding that plaintiff has been unable to work supports the conclusion of law that she is temporarily and totally disabled.

"In order to obtain compensation under the Workers' Compensation Act, the claimant has the burden of proving the existence of his disability and its extent." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 185, 345 S.E.2d 374, 378 (1986). Where the compensability of a claimant's claim is admitted via Form 60, no presumption of disability attaches. *Barbour v. Regis Corp.*, 167 N.C. App. 449, 456-57, 606 S.E.2d 119, 125 (2004).

> [I]n order to support a conclusion of disability, the Commission must find: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). An employee injured in the course of her employment is disabled under the Act if the injury results in an "incapacity . . . to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2005). An employee may meet the burden of showing disability in one of four ways:

> (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable

of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citations omitted).

Plaintiff claims that her left ankle injury arose from her compensable claim for her right wrist injury pursuant to Form 60; therefore, she bears the burden of proving that she was disabled as a result of her ankle injury. The Commission made the requisite findings that plaintiff was unable to work at her old job or at another job as a result of the ankle injury. However, this finding was based only on the plaintiff's testimony, and was not based on any medical evidence. Thus, plaintiff did not meet the burden established in *Russell* of showing "*medical evidence* that [s]he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment." *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457 (emphasis added). The Commission's conclusion of law that plaintiff has been temporarily and totally disabled is, therefore, not supported by its findings of fact and is error.

The award of ongoing compensation for temporary total disability is reversed and this case is remanded for the entry of an award of compensation pursuant to N.C.G.S. § 97-30.

Reversed and Remanded.

Judges ELMORE and JACKSON concur.