WILBUR F. KING, JR. v. MARILYN LEE KING ALLEN

No. 748DC1015

(Filed 5 March 1975)

**Divorce and Alimony § 24— child custody — changed circumstances — remarriage of mother**

Evidence that the mother had remarried was insufficient to show a substantial change of circumstances affecting the welfare of the child so as to require the court to modify a custody order by granting custody to the mother rather than the father.

APPEAL by defendant from *Pate, Judge.* Order entered (filed) 27 September 1974 in District Court, LENOIR County. Heard in the Court of Appeals 18 February 1975.

This action was instituted on 17 September 1968. In his complaint, plaintiff asked for an absolute divorce on ground of one year separation and for custody of Wilbur F. King III who was born on 28 March 1966. On 11 November 1968, the court entered judgment granting plaintiff an absolute divorce but made no specific provision as to the custody of the child except that defendant should not remove the child from this State without prior permission of the court.

Subsequent to the entry of said judgment, various motions were filed by one party or the other, hearings held and orders entered with respect to the custody of the child. Only the proceedings pertinent to this appeal will be alluded to here.

On 17 August 1972, following a hearing on plaintiff's motion in the cause that he be awarded custody of the child, District Judge Pate entered an order making extensive findings of fact including specific findings with respect to misconduct on the part of defendant and her neglect of the child when he was with her. The court found as a fact that defendant was of bad reputation and character and an unfit person to have custody of the child, but that plaintiff was of good character and reputation and a fit and proper person to have the care and custody of the child. The court awarded custody to plaintiff subject to very restricted visitation privileges granted to defendant. Defendant gave notice of appeal from the order, but because the appeal was not perfected, it was dismissed on 9 November 1972.

On 27 March 1973, defendant filed a motion in the cause alleging, among other things, that on or about 1 September 1972 she was married to Victor R. Allen; that she and her new husband had established a home in the City of Durham, N. C.; and that there had been a material change of conditions  since the entry of the 17 August 1972 order. Following notice to plaintiff, a hearing was held on this motion on 5 May 1973, at which time considerable evidence was presented by plaintiff and defendant. At the conclusion of the hearing, the trial judge stated that while the evidence showed that there had been a change of conditions in that defendant had remarried, he felt that the best interests of the child required that his custody be retained in plaintiff subject to certain modification of provisions for the child to visit with defendant. Defendant gave notice of appeal from the order and the parties agreed that the written order could be signed " . . . out of term and out of district."

The order entered pursuant to the hearing bears date of 4 August 1973 but was filed on 27 September 1974. In the order the court made detailed findings of fact and conclusions of law including findings and conclusions that plaintiff is a fit and proper person to have the continued care, custody and control of the child, and that defendant had failed to show changed circumstances sufficient to warrant awarding custody of the child to her. The order modified the previous order with respect to defendant's visitation privileges.

*White, Allen, Hooten & Hines, P.A., by John R. Hooten and Thos. J. White, and Gerrans & Spence, P.A., by William D. Spence, for plaintiff appellee.*

*Blackwell M. Brogden for defendant appellant.*

BRITT, Judge.

The record provides no explanation for the long delay between the date the order we are asked to review apparently was signed and the date it was filed. Nevertheless, we treat the papers filed by defendant as a petition for writ of certiorari, allow the petition, and consider the cause on its merits.

G.S. 50-13.7 (a) provides that an order of a court of this State providing for the custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing

of changed circumstances by either party, or anyone interested. However, the party moving for modification of a custody order has the burden of showing that there has been a *substantial* change of circumstances affecting the *welfare of the child. Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974); *Todd v. Todd,* 18 N.C. App. 458, 197 S.E. 2d 1 (1973).

The trial judge, who has the opportunity to see and hear the parties and the witnesses, is vested with broad discretion in cases involving custody of children, his findings of fact in custody orders are binding on the appellate courts if supported by competent evidence, *Blackley v. Blackley, supra,* and his decision should not be upset absent a clear showing of an abuse of discretion. *Hensley v. Hensley,* 21 N.C. App. 306, 204 S.E. 2d 228 (1974).

The findings of fact in the order under review are fully supported by competent evidence, and no abuse of discretion has been shown, therefore, the order is

Affirmed.

Judges MORRIS and ARNOLD concur.