EDGAR LEE LAMBERT, JR., Plaintiff v. LORI NATASHA RIDDICK and ANNETTE UTLEY, Defendants

No. COA94-1285

(Filed 17 October 1995)

**Parent and Child § 25 (NCI4th)— initial custody determination between third person and natural parent—findings required**

In an initial custody dispute between a third person and the natural parent, the trial court erred in awarding custody to the third person based solely on a "best interest and welfare" analysis without making findings, as required by *Petersen v. Rogers*,

LAMBERT v. RIDDICK

[120 N.C. App. 480 (1995)]

337 N.C. 397, with respect to plaintiff father's fitness to have custody of his minor child or as to whether he had neglected her welfare.

**Am Jur 2d, Parent and Child §§ 23-31.**

**Award of custody of child where contest is between child's father and grandparent. 25 ALR3d 7.**

**Award of custody of child where contest is between natural parent and stepparent. 10 ALR4th 767.**

Judge GREENE dissenting.

Appeal by plaintiff from order entered 23 June 1994 by Judge Jerry Leonard in Wake County District Court. Heard in the Court of Appeals 24 August 1995.

*James F. Lovett, Jr., and John B. Gupton for plaintiff-appellant.*

*Byrd & Meares, by Kevin Leon Byrd, for defendant-appellees.*

MARTIN, John C., Judge.

Plaintiff and defendant Lori Riddick are the biological parents of Bianca Chantise Lambert. The child was born out of wedlock on 29 August 1991, when defendant Riddick was a student at St. Augustine's College and plaintiff was a student at North Carolina State University. Although there has never been, prior to this proceeding, an action to determine custody of the child, she has lived primarily with defendant Annette Utley, a friend of defendant Riddick's, since shortly after her birth because Riddick was not in a position to care for her. Defendant Utley, who has two grown children and now lives in Michigan, has provided the daily care and nurture for the child and the child has apparently thrived.

Plaintiff brought this action on 17 May 1993 alleging that he had been denied reasonable visitation with his daughter. Defendants filed a joint answer in which they asserted that plaintiff had been permitted visitation with the child and, by counterclaim, requested that custody of the child be awarded to defendant Utley. Plaintiff filed a reply in which he sought custody.

After hearing evidence, the trial court found that defendant Utley was a fit and proper person to have custody of the minor child and that it was in the child's best interest for her primary custody to be

placed with defendant Utley. Plaintiff and defendant Riddick were each found to be fit and proper to have visitation with the child, and a visitation schedule was prescribed. Plaintiff appeals. We reverse and remand to the trial court for further proceedings.

This case involves the tension between a biological parent's right to custody of his or her child and the rights of the child to be placed in the custody of the person or entity which will meet the child's best interests. G.S. § 50-13.2(a) provides, in pertinent part:

An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will best promote the interest and welfare of the child.

Relying on the often cited principle that the welfare of the child is the "polar star" by which courts are to be guided in custody disputes, *see Wilson v. Wilson*, 269 N.C. 676, 153 S.E.2d 349 (1967) (best interest of child is paramount consideration, to which even parental love must yield), *Griffith v. Griffith*, 240 N.C. 271, 81 S.E.2d 918 (1954), this Court has previously interpreted the statute as requiring the trial court to conduct a "best interest and welfare" analysis, even in custody disputes between a natural parent and a third party. *Black v. Glawson*, 114 N.C. App. 442, 442 S.E.2d 79 (1994); *Best v. Best*, 81 N.C. App. 337, 344 S.E.2d 363 (1986). These cases recognized a rebuttable presumption in favor of awarding custody to the natural parent, but held it unnecessary to prove the natural parent unfit in order to rebut the presumption and find that the best interest of the child would be served by awarding custody to the third party. *Id.*

In *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994), however, our Supreme Court expressly disavowed this "best interest and welfare" ·analysis in custody disputes between natural parents and third parties. The Court squarely held "that absent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Id.* at 403-04, 445 S.E.2d at 905. Contrary to the position taken in the dissent, *Petersen* did not limit its holding to custody determinations where the child had previously been in an "intact family unit." See *Bivins v. Cottle*, 120 N.C. App. 467, 462 S.E.2d 829 (1995). In *Bivins*, however, we have interpreted *Petersen* as applying only to an initial custody determina-

tion, and not to motions for change of custody based on changed circumstances.

In the present case, an initial custody determination, the trial court conducted the "best interest and welfare" analysis, and based solely on that analysis, awarded custody of the minor child to defendant Utley rather than plaintiff, the child's natural parent. Under *Petersen*, the award of custody on this basis was error and must be reversed. However, the trial court made no findings with respect to the plaintiff father's fitness to have custody of his minor child or as to whether he had neglected her welfare, findings which *Petersen* instructs are necessary to an initial adjudication of custody in a dispute between a biological parent and a third party. Therefore, we must remand this case for such findings and a proper determination of custody in light thereof.

Reversed and remanded.

Judge GREENE dissents.

Judge WYNN concurs.

Judge GREENE dissenting.

I disagree with the majority that *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994), must be read as holding that whenever there is a child custody dispute between a natural parent and some third party, custody must be placed with the parent unless there is a showing that the parent is unfit or has neglected the welfare of the child. I do not believe the holding of *Petersen* is this broad.

There is no question that *Petersen* uses broad language in relating the "constitutionally-protected paramount right of parents to custody, care, and control of their children." *Petersen* at 403-04, 445 S.E.2d at 905. The Court, however, is specific in noting that it is "the family unit" that finds protection in the constitution. *Petersen* at 400, 445 S.E.2d at 903. In other words, the forced "breakup of a natural family" can constitutionally occur only upon a showing of parental unfitness. *Quilloin v. Walcott*, 434 U.S. 246, 254, 54 L. Ed. 2d 511, 520, *reh'g denied*, 435 U.S. 246, 54 L. Ed. 2d 511 (1978); *Reno v. Flores*, 507 U.S. 292, 304, 123 L. Ed. 2d 1, 18 (1993) (a child should "*not be removed from the custody of its parents*" absent a finding of parental unfitness). As most recently reiterated by our Supreme Court, it is parents

living as an intact family with their children who are to be given additional protection from custody and visitation claims by third parties. *McIntyre v. McIntyre*, 341 N.C. 629, 461, S.E.2d 745 (1995) (unfitness of parents must be shown by grandparents who seek visitation of children living as intact family with parents); *see Petersen* at 405-06, 445 S.E.2d at 905 (parents *who have lawful custody* of their children are to be protected from custody and visitation claims from strangers).

Thus when the parents have custody[1] of their children and are living with them as an intact family[2] or have lost custody as a result of some unlawful action by a third party (as was the situation in *Petersen*), a third party is not entitled to a custody decree without first showing that the parents are unfit or have neglected the children *and* that it would be in the best interest of the children to be with the third party. *See Brake v. Mills*, 270 N.C. 441, 443, 154 S.E.2d 526, 528 (1967) ("taking children from a parent's custody" cannot be based on best interest). In those situations, however, where the parents do not have custody of the children and are seeking custody from a third party who has lawful custody (but no custody decree) of the children, an order must be entered awarding custody to such persons "as will best promote the interest and welfare of the child." N.C.G.S. § 50-13.2(a) (1987).

In this case it is not disputed that the child was born out of wedlock on 29 August 1991; the child has resided with Annette Utley (Utley) since birth; Edgar Lee Lambert, Jr. (father) had very minimal contact with the minor child during the first eight months of the child's life and has since visited some with the child; the father and Lori Natasha Riddick (mother) agreed at the birth of the child that Utley would become the guardian of the child; Utley is a fit and proper person to be awarded custody of the child; and the father is a fit and proper person to have visitation with the child.

There is no evidence that the father was living together with the child in an intact family unit at the time of this custody trial or that the child had been removed from him unlawfully. Indeed the father had consented to the placement of the child with Utley and the child had lived in that home for approximately two years at the time the

---

1. Custody in this context has reference to actual possession of the children. It does not have reference to a custody decree from a court.

2. It would appear that an intact family should include a single parent living with his or her child.

complaint for custody was filed. Thus the custody dispute between the father and Utley was properly resolved by the trial court using the best interest test of section 50-13.2(a). I would affirm the order of the trial court.