JACKIE L. BIVENS, MARY E. BIVENS AND ELLIS M. COTTLE, PLAINTIFFS/APPELLANTS V.
DEBORAH LYNN COTTLE (WESTLAKE), DEFENDANT/APPELLEE

No. COA95-72

(Filed 17 October 1995)

**Parent and Child § 19 (NCI4th); Divorce and Separation § 359 (NCI4th)— custody initially placed with maternal grandparents—custody changed to mother—no finding of changed circumstances—error**

In an initial custody proceeding, a fit natural parent not found to have neglected the child has a right to custody superior to third persons. That rule enunciated in *Petersen v. Rogers*, 337 N.C. 397, was inapplicable in this case since the custody of the children was initially placed with the maternal grandparents in lieu of the natural mother who had been found to be a fit and proper parent, and the trial court therefore erred in awarding custody to defendant mother without conducting a hearing to determine if there were sufficient changed circumstances to merit the change in custody.

**Am Jur 2d, Divorce and Separation §§ 1003 et seq.; Parent and Child §§ 23 et seq., 119.**

**Opening or modification of divorce decree as to custody or support of child not provided for in the decree. 71 ALR2d 1370.**

**Child custody provisions of divorce or separation decree as subject to modification on habeas corpus. 4 ALR3d 1277.**

Judge GREENE concurring in the result.

Appeal by plaintiff from order entered 10 October 1994 by Judge Russell J. Lanier in Duplin County District Court. Heard in the Court of Appeals 1 September 1995.

*Gailor & Associates, P.L.L.C., by Carole S. Gailor; Ingram & Ingram, by Carolyn B. Ingram; and Wells & Blossom, by William C. Blossom, for plaintiffs-appellants Bivens.*

*Shipman & Lea, by J. Albert Clyburn and James W. Lea, III for defendant/appellee.*

WYNN, Judge.

Plaintiff Ellis M. Cottle and defendant Deborah Lynn Cottle (now Westlake) married in 1979 and divorced in 1990. Two children were born of the marriage, Angel Marie now 13 and Mary Beth now 11. In a custody order dated 7 April 1992, Judge Leonard W. Thaggard awarded custody to the children's maternal grandparents, Jackie and Mary Bivens, although he found as a fact that the children's natural mother Deborah Westlake was a fit and proper person to have the primary custody, care and control of the minor children.

Following our Supreme Court's holding in *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994), Mrs. Westlake filed a Motion in the Cause to modify the order of 7 April 1992 to have custody of the children transferred to her. She contended that *Petersen* required the trial court to award her custody without a showing of changed circumstances. She argued that since *Petersen* required a natural parent found fit and proper be awarded custody as against a third person without conducting the best interests of the child analysis, *Petersen* also required that a natural parent found fit and proper who files a motion to have custody changed should prevail without the trial court applying the changed circumstances analysis. The trial court agreed, and awarded custody to the defendant without conducting a hearing to determine if there were sufficient changed circumstances to merit the change in custody. We reverse.

---

The original award of custody in this case to the maternal grandparents in lieu of the natural mother who had been found to be a fit and proper parent occurred prior to our Supreme Court's decision in *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994). *Petersen* clarified the law of North Carolina by holding that in a custody dispute between a natural parent and a party other than a natural parent, "absent a finding that [natural] parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Id.* at 403-404, 445 S.E.2d at 905. Therefore, in a custody dispute between a natural parent found to be a fit and proper parent who did not neglect the welfare of their child, and any third party excepting only the other natural parent, the natural parent must prevail in an initial determination of child custody. *See, Lambert v. Riddick*, 120 N.C. App. 480, 462 S.E.2d 835 (1995).

But the case at hand is not an initial custody proceeding and, in fact, the defendant did not appeal from nor does she challenge here the 1992 initial custody order entered by Judge Thaggard. Rather, she seeks to apply the *Petersen* standard to a modification of custody proceeding. She is mistaken.

N.C. Gen. Stat. § 50-13.7(a) sets forth the criteria necessary to modify a custody order. It states in pertinent part:

(a) An order of a court of this state for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested . . .

N.C. Gen. Stat. § 50-13.7(a) (1987).

Thus, "once the custody of a minor child is judicially determined, that order of the court cannot be modified until it is determined that (1) there has been a substantial change in circumstances affecting the welfare of the child; and (2) a change in custody is in the best interest of the child." *Dobos v. Dobos*, 111 N.C. App. 222, 226, 431 S.E.2d 861, 863 (1993) (quoting *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992)). Since, there is a statutory procedure for modifying a custody determination, a party seeking modification of a custody decree must comply with its provisions. There are no exceptions in North Carolina law to the requirement that a change in circumstances be shown before a custody decree may be modified.

Finally, we specifically reject the "family unit" limitation on *Petersen* suggested by the concurring in the result opinion. In *Petersen*, the natural parents had never lived with their child in "an intact family unit." In that case, the natural mother, discontent with her relationship with her unborn child's putative father, decided to give her child up for adoption through a religious organization. That organization contacted the adoptive parents who arranged for the pregnant mother to come to North Carolina to have the child. The adoptive parents provided maintance and care for the mother until the child was born. After the birth, the mother stated that she spent "two minutes" with the child and then signed a release form and the child was given to the adoptive parents. Immediatedly thereafter, on 12 September 1988, the mother returned to Michigan and later on 27 December 1988, she filed a motion for relief from the interlocutory decree of adoption. These facts inescapably establish that there was no intact family unit under the facts of *Petersen*. Rather, *Petersen's*

directive is simple and clear: In an initial custody proceeding, a fit natural parent not found to have neglected the child, has a right to custody superior to third persons. Thus, the constitutionally based paramount right to custody of the natural parent is not dependent on the existence of a "family unit." For that reason alone, the narrow limitation suggested by the separate concurring opinion must fail.

The judgment of the trial court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.

Judge GREENE concurs in the result with a separate opinion.

Judge MARTIN, JOHN C. concurs.

Judge GREENE concurring in the result.

As I noted in my dissent in *Lambert v. Riddick*, 120 N.C. App. 480, 462 S.E.2d 835 (1995), I believe the holding of *Petersen v. Rogers* is more limited than that suggested by the language of the majority. Because I believe a parent not living with her child in an intact family unit is not entitled to the benefit of the *Petersen* parental preference rule and because the mother was not living with her children at the time of the modification request, I reject the argument that the trial court, in the modification hearing, was required to award the mother custody in the absence of a finding of her unfitness. In any event, without regard to the construction placed on *Petersen*, I agree that any movant (including a natural parent) in a section 50-13.7(a) child custody modification hearing is required to first show a substantial change in circumstances affecting the welfare of the child (since the prior order of custody). *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 77, 418 S.E.2d 675, 678 (1992). If this showing is made, the trial court is required to enter an order of custody that is in the best interest of the child. *Id.* In making this best interest determination, is the natural parent entitled to a custody order unless the nonmovant shows that the parent is unfit? Under my construction of *Petersen* the answer would be no because she was not living with the child in an intact family and therefore would be entitled nothing more than a best interest inquiry. Under the majority's construction of *Petersen* the answer is less clear and indeed the majority does not reach that issue.