TIMOTHY B. McKYER, Plaintiff-Appellant,
v.
FONTELLA D. McKYER, Defendant-Appellee.
No. COA09-695.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Marnite Shuford for Plaintiff-Appellant.
Billie R. Ellerbe for Defendant-Appellee.
McGEE, Judge.
Plaintiff and Defendant were married on 26 January 1991. Two sons were born of their marriage, one on 24 November 1995 (the older child), and another on 30 March 1998 (the younger child). Plaintiff and Defendant separated on 9 May 2000. Plaintiff was awarded primary custody of the children by order entered 17 April 2001. Both Plaintiff and Defendant filed motions to modify the 17 April 2001 custody order. The motions were heard on 15 and 16 March 2004. By order entered 2 August 2004, nunc pro tunc 6 April 2004, the trial court concluded that there had been a significant change in circumstances and ordered that the 17 April 2001 custody order be modified to grant primary custody of the children to Defendant.
Plaintiff filed a second motion to modify custody on 10 July 2007, alleging the older child was having academic and behavioral problems that began following the change in primary custody from Plaintiff to Defendant pursuant to the 2 August 2004 order. Plaintiff alleged that Defendant was the main cause of the older child's difficulties. Defendant responded to Plaintiff's motion to modify custody on 10 September 2007, and also included her own motion to modify custody, along with a motion requesting that Plaintiff be held in contempt for violation of prior parent coordination and child support orders. The hearing on Plaintiff's motion to modify the 2 August 2004 custody order was held on 29-31 January 2008. The trial court entered its order 11 December 2008, nearly a year following the custody review hearing.
The 11 December 2008 order only addressed Plaintiff's motion for modification of the 2 August 2004 custody order; it did not address Defendant's motions. The trial court made findings of fact, and the following relevant conclusions of law:
3. That there has been no significant change of circumstances involving [the younger child] since the entry of the August 2, 2004 Order.
4. That the [c]ourt finds that there has been a significant change of circumstances involving [the older child's] behavior since the entry of the August 2, 2004 Child Custody Order. That the [c]ourt specifically concludes that . . . Plaintiff's conduct toward [the older child] has been a major contributing factor to his discipline issues raised by the hearing.
5. That . . . Plaintiff is not entitled to the relief he seeks.
In its order, the trial court denied Plaintiff's motion to modify the prior child custody order. Plaintiff appeals.
Plaintiff contends in his first argument that the trial court erred in that its conclusions of law were based upon findings of fact not supported by the evidence. Thus, the trial court's conclusions of law did not support its denial of Plaintiff's motion for a modification of custody. We disagree.

I.
Plaintiff challenges parts of four separate findings of fact: findings of fact numbers seven, eight, ten, and fourteen. The unchallenged findings of fact, and those portions of findings of fact seven, eight, ten, and fourteen that Plaintiff does not contest, are binding on appeal. In re H.S.F., 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (citation omitted). We agree with Plaintiff that certain portions of the trial court's findings of fact are not supported by the evidence. For example, Plaintiff's witness, Candice Currin[1], the younger child's fourth grade teacher, testified concerning a telephone conversation with Plaintiff as follows:
I mean, it was [approximately five months ago] and I think [Plaintiff] . . . wanted to know, you know, he stated that I'm [the younger child's] father. I want to be involved. I want to know what's going on with [the younger child] at school and things like that and then there were also a couple of things said about his ex-wife and I just kind of let that go because I didn't feel like it was part of my business. (Emphasis added).
. . . .
I don't remember exactly [what Plaintiff said about Defendant], but I just remember thinking that that was something that I did not want to get in the middle of.

. . . .
I honestly  I don't recall [what Plaintiff said in the conversation], but . . . I just remember getting off the phone thinking wow, you know, I  they were pretty powerful statements and pretty derogatory and my heart honestly really just broke for  [the younger child] at that point because I hated that he was going to have to, you know, go through something like this. I'm sorry that I don't recall exactly what was said.
The relevant portion of the trial court's finding of fact number eight states that Ms. Currin testified
that the only contact she had with. . . Plaintiff was a telephone call she had received from him. She indicated that she found the tenor and tone of . . . Plaintiff's telephone conversation to be vulgar, disturbing and embarrassing because he spent most of the time cursing at . . . Defendant rather than inquiring about his minor son during the conversation. (Emphasis added).
The italicized portions of this finding of fact are not supported by Ms. Currin's testimony. Ms. Currin was candid in emphasizing that she did not recall the specifics of the conversation. Ms. Currin's testimony was that Plaintiff made "a couple" of "derogatory" references to Defendant that concerned her because of the potential impact Plaintiff's attitude towards Defendant might have on the younger child. A trial court is to limit findings of fact to "facts" supported by the record evidence.
Though we agree that certain portions of the trial court's findings of fact are not supported by substantial evidence, we do not find these errors determinative of Plaintiff's argument on appeal.
N.C. Gen. Stat. § 50-13.7(a) sets forth the criteria necessary to modify a custody order. It states in pertinent part: "(a) An order of a court of this state for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party[.]"
Thus, "once the custody of a minor child is judicially determined, that order of the court cannot be modified until it is determined that (1) there has been a substantial change in circumstances affecting the welfare of the child; and (2) a change in custody is in the best interest of the child." Since, there is a statutory procedure for modifying a custody determination, a party seeking modification of a custody decree must comply with its provisions. There are no exceptions in North Carolina law to the requirement that a change in circumstances be shown before a custody decree may be modified.
Bivens v. Cottle, 120 N.C. App. 467, 469, 462 S.E.2d 829, 830-31 (1995) (internal citations omitted). "[T]he party moving for modification of a custody order has the burden of showing that there has been a substantial change of circumstances affecting the welfare of the child." King v. Allen, 25 N.C. App. 90, 92, 212 S.E.2d 396, 397 (1975).
In the case before us, the practical and legal effect of the trial court's ruling is a determination that Plaintiff failed in his burden of proving a substantial change in circumstances that warranted modification of the existing custody order. "`[A] trial court is not required to make negative findings of fact to justify a holding that a party has not met his or her burden of proof on an issue.'" Davis v. Risley, 104 N.C. App. 798, 801, 411 S.E.2d 171, 173 (1991) (quoting Searl v. Searl, 34 N.C. App. 583, 587, 239 S.E.2d 305, 308-09 (1977), overruled in part on other grounds by Pulliam v. Smith, 348 N.C. 616, 501 S.E.2d 898 (1998)). Therefore, because the trial court ruled that Plaintiff failed to meet his burden of proof, and the trial court left the existing 2 August 2004 custody order in effect, it was not necessary to make findings of fact in support of its order.
Even assuming arguendo that the trial court was required to make specific findings of fact in this instance, we hold that the findings of fact not contested by Plaintiff, which are binding on appeal, H.S.F., 182 N.C. App. at 742, 645 S.E.2d at 384 (citation omitted), support the trial court's conclusion that Plaintiff was not entitled to modification of the existing custody order. We find no abuse of discretion. King, 25 N.C. App. at 92, 212 S.E.2d at 397 ("The trial judge, who has the opportunity to see and hear the parties and the witnesses, is vested with broad discretion in cases involving custody of children, his findings of fact in custody orders are binding on the appellate courts if supported by competent evidence . . . and his decision should not be upset absent a clear showing of an abuse of discretion."). This argument is without merit.

II.
Plaintiff contends in his second argument:
The trial court committed prejudicial error and abused its discretion by not modifying the custody order and making findings of fact and conclusions of law determining what living environment is conducive for promoting the general welfare, full development, and best interest of the children.
We disagree.
We have already held that the trial court's denial of Plaintiff's motion for modification of the existing child custody order was not an abuse of discretion.
Plaintiff further argues that because the trial court concluded a substantial change in circumstances existed, it was required to make findings of fact and conclusions of law concerning the best interests of the older child. Had the trial court merely concluded that there had been no significant change in circumstances, no best interest determination would have been required, as there would have been no modification of the custody order. Bivens, 120 N.C. App. at 469, 462 S.E.2d at 830-31. In the case before us, though the trial court concluded there had been a significant change in circumstances, the change was to Plaintiff's detriment. The trial court's 11 December 2008 order left the existing 2 August 2004 custody order in place. For the purposes of this appeal, the trial court's conclusion that there was a significant change in circumstances involving the older child was surplusage. Because the trial court ordered no change in custody, there was no need to conduct a best interests of the child inquiry in this case. Id. The trial court did not err by failing to make findings of fact related to the best interests of the children. This argument is without merit.

III.
In Plaintiff's third argument, he contends the "trial court committed prejudicial and reversible error . . . when the court failed to conduct a review hearing within 90 days after the trial and failed to reduce to writing, sign and file orders to finalize the case[.]" We disagree.
We do not disagree with Plaintiff that the nearly one year delay between the hearing on Plaintiff's 10 July 2007 motion to modify the 2 August 2004 custody order and the entry of the trial court's order denying Plaintiff's request for modification of custody is excessive, absent extenuating circumstances. The parties and the children in this case were left in a state of uncertainty concerning custody. However, our Supreme Court has clearly spoken on this issue:
We hold that in appeals from adjudicatory and dispositional orders in which the alleged error is the trial court's failure to adhere to statutory deadlines, such error arises subsequent to the hearing and therefore does not affect the integrity of the hearing itself. Thus, a new hearing serves no legitimate purpose and does not remedy the error. Indeed, a new hearing only exacerbates the error and causes further delay. Instead, a party seeking recourse for such error should petition for writ of mandamus.
In re T.H.T., 362 N.C. 446, 456, 665 S.E.2d 54, 61 (2008). Plaintiff did not avail himself of this remedy for the delay. At this time, a new hearing on Plaintiff's 10 July 2007 motion would serve no purpose. We emphasize, however, that it is the duty of the trial court to enter its rulings in an expeditious manner, particularly when the well-being of minor children is at issue. This argument is without merit.
Affirmed.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] This witness is referred to as "Candice Currin" in the 11 December 2008 order. She is referred to as "Candace Curran" in the hearing transcript, but was not asked to spell her name for the record. We therefore adopt the spelling from the 11 December 2008 order for the purpose of this appeal.