IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-134

 No. COA20-532

 Filed 20 April 2021

 Catawba County, No. 17CVD2149

 EAMON ALBERT FECTEAU, Plaintiff,

 v.

 ELIZABETH SPIERER, Defendant,

 v.

 LARRY SPIERER, and
 PEARL JOSEPHINE SPIERER, Intervenors.

 Appeal by intervenors from order entered 20 December 2019 by Judge Sherri

 W. Elliott in Catawba County District Court. Heard in the Court of Appeals 24 March

 2021.

 Wesley E. Starnes, PC, by Wesley E. Starnes, for Intervenors-Appellants.

 Helton, Cody, & Associates, PLLC, by Blair E. Cody, III, for Plaintiff-Appellee.

 No brief filed for Defendant.

 CARPENTER, Judge.

¶1 Larry Spierer and Pearl Josephine Spierer (“Intervenors”), maternal

 grandparents to minor child R.F., appeal from a custody modification order, which
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 granted primary physical and legal custody to Eamon Albert Fecteau (“Plaintiff”),

 R.F.’s father; secondary physical custody and visitation to Intervenors; and

 supervised visitation to Elizabeth Spierer (“Defendant”), R.F.’s mother. We find no

 abuse of discretion by the trial court in entering the modification order; therefore, we

 affirm.

 I. Factual & Procedural Background

¶2 The uncontroverted evidence presented at trial tends to show the following:

 Plaintiff and Defendant married on 10 May 2014 and separated on 4 July 2015.

 Plaintiff and Defendant share one child together, R.F., who was born on 16 July

 2013—prior to the parties’ marriage. Defendant has two other children by two

 different fathers; she has custody of her youngest daughter while Intervenors have

 custody of her oldest child, a son. On 31 October 2016, Plaintiff filed a complaint for

 custody, equitable distribution, and absolute divorce. On 21 November 2016,

 Intervenors filed a motion to intervene on the issue of custody in the pending matter.

 On 2 February 2017, the trial court entered an order allowing the intervention. On

 the same day, Intervenors filed an answer and a counterclaim for child custody.

¶3 Following a hearing, the trial court entered a temporary custody order

 granting Intervenors “custody, care and control of [R.F.] until further order of the

 Court.” On 19 July 2017, the trial court entered a consent order based on a

 memorandum of order filed on 19 July 2017, granting primary physical and legal
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 custody of R.F. to Intervenors and secondary physical custody to Plaintiff. On 26

 March 2018, Plaintiff filed a motion for modification of child custody, and then filed

 an amended motion to modify child custody on 5 March 2019. Plaintiff sought

 primary physical custody and joint legal custody with Defendant. In his amended

 motion, he alleged there had a been a substantial change of circumstances affecting

 the child’s well-being and the modification was in the best interest of the minor child.

¶4 On 13 March 2019 and 17 July 2019, hearings were held before the presiding

 judge, the Honorable Sherri W. Elliott. On 20 December 2019, Judge Elliott entered

 a modification order in which she granted primary physical custody of R.F. to

 Plaintiff, secondary custody and visitation to Intervenors, and visitation to Defendant

 under the supervision of Intervenors. On 16 January 2020, Intervenors filed a timely

 written notice of appeal from the modification order.

 II. Jurisdiction

¶5 We first address Intervenors’ improper citation to N.C. Gen. Stat. § 7A-27

 (2019) in their statement of the grounds for appellate review. They rely on subsection

 (c) of Chapter 7A, Section 27 as authority for their appeal of this case. However, N.C.

 Gen. Stat. § 7A-27(c) was repealed effective 23 August 2013; therefore, Intervenors

 have not provided an adequate “citation of the statute . . . permitting appellate

 review” pursuant to the North Carolina Rules of Civil Procedure. N.C. R. App. P.

 28(b)(4).
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

¶6 Our Supreme Court has confirmed that “compliance with the Rules is

 required”; however, it has also clarified that not every violation of the Rules warrants

 automatic dismissal—particularly when the “violations do not impede comprehension

 of the issues or frustrate the appellate process.” State v. Hart, 361 N.C. 309, 311, 313

 644 S.E.2d 201, 202–03 (2007) (citations and quotations omitted); see State v. Burke,

 185 N.C. App. 115, 118, 648 S.E.2d 256, 258 (2007) (allowing appellate review despite

 the appellant’s minor violation of Rule 28(b)(6) of the North Carolina Rules of

 Appellate Procedure for citing to the transcripts rather than the record in referring

 to assignments of error). Furthermore, Rule 2 allows for the Court’s suspension or

 variation of the appellate rules in cases pending in the Court so as “[t]o prevent

 manifest injustice to a party . . . .” N.C. R. App. P. 2.

¶7 Here, Intervenors incorrectly cite to the repealed subsection (c) of N.C. Gen.

 Stat. § 7a-27 rather than N.C. Gen. Stat. § 7a-27(b)(2). Considering that this error is

 minor, and Intervenors’ intent to cite to the subsection allowing an appeal of right

 from a final judgment of a district court opinion is apparent, an automatic dismissal

 of this case is not proper. Furthermore, the error does not interfere with the Court’s

 comprehension of the issues of the case or frustrate the appellate process; therefore,

 we allow the appeal. See Hart, 361 N.C. at 311, 313 644 S.E.2d at 202–03.

 III. Issues

¶8 The issues on appeal are whether: (1) the trial court erred by finding as fact in
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 its modification order that the initial custody order had lacked findings of fact with

 respect to whether Plaintiff or Defendant are unfit or have acted inconsistently with

 their constitutionally-protected right as parents; (2) the trial court’s findings of fact

 and conclusions of law are sufficient to support its order modifying child custody

 based on a substantial change in circumstances affecting the welfare of the child.

 IV. Analysis

¶9 On appeal, Intervenors contend that the trial court erred in modifying the 19

 July 2017 consent order because (1) it improperly “consider[ed] the lack of a prior

 finding of fact” regarding Plaintiff’s and Defendant’s constitutionally-protected status

 as parents and (2) entered the modification to the consent order where the “competent

 evidence does not support a finding of fact or conclusion of law that there was a

 substantial change of circumstances affecting the welfare of the minor child . . . .” We

 disagree.

 A. Standard of Review

¶ 10 “It is a long-standing rule that the trial court is vested with broad discretion

 in cases involving child custody.” Pulliam v. Smith, 348 N.C. 616, 624, 501 S.E.2d

 898, 902 (1998) (citation omitted). Accordingly, we review the trial court’s

 determination of a motion to modify custody for an abuse of discretion. Id. at 625,

 501 S.E.2d at 902.

 When reviewing a trial court’s decision to grant or deny a
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 motion for the modification of an existing child custody
 order, the appellate courts must examine the trial court’s
 findings of fact to determine whether they are supported
 by substantial evidence. Substantial evidence is such
 relevant evidence as a reasonable mind might accept as
 adequate to support a conclusion.
 ....
 In addition to evaluating whether a trial court’s findings of
 fact are supported by substantial evidence, this Court must
 determine if the trial court’s factual findings support its
 conclusions of law. With regard to the trial court’s
 conclusions of law, our case law indicates that the trial
 court must determine whether there has been a substantial
 change in circumstances and whether that change affected
 the minor child. Upon concluding that such a change
 affects the child’s welfare, the trial court must then decide
 whether a modification of custody was in the child’s best
 interest. If we determine that the trial court has properly
 concluded that the facts show that a substantial change of
 circumstances has affected the welfare of the minor child
 and that modification was in the child’s best interests, we
 will defer to the trial court’s judgment and not disturb its
 discretion to modify an existing custody agreement.

 Shipman v. Shipman, 357 N.C. 471, 474–75, 586 S.E.2d 250, 253–54 (2003) (citations

 and quotations omitted).

 B. Absence of Findings of Fact in Initial Custody Order

¶ 11 In their first argument, Intervenors contend that the trial court erred by

 considering the absence of findings of fact in the initial custody order regarding

 whether Plaintiff and Defendant are unfit or have acted in a manner inconsistent

 with their constitutionally-protected right as parents to custody, care, and control of

 their minor child. In doing so, Intervenors essentially argue that the trial court failed
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 to follow the precedent established in Bivens v. Cottle, 120 N.C. App. 467, 469, 462

 S.E.2d 829, 831 (1995), which held that the Petersen presumption in favor of a natural

 parent does not apply to a custody modification proceeding. In contrast, Plaintiff

 asserts that since the trial court did not make any “findings of fact [ ]or conclusions

 of law that the evidence, as it relates to either parents’ constitutionally protected

 status, was [based on] clear, cogent and convincing evidence,” the trial court “did not

 improperly consider” such an absence of findings in the initial order. After careful

 review of the record, we conclude that findings of fact 99, 100, and 101 are

 unnecessary for our review of the modification order in the case sub judice; therefore,

 we do not reach the merits of the parties’ arguments with respect to these findings.

¶ 12 In Petersen v. Rogers, this Court held that “absent a finding that parents (i) are

 unfit or (ii) have neglected the welfare of their children, the constitutionally-protected

 paramount rights of parents to custody, care, and control of their children must

 prevail” over non-natural parents. 337 N.C. 397, 403–04, 445 S.E.2d 901, 905 (1994).

 Subsequently, Bivens v. Cottle limited the Petersen standard to only initial custody

 proceedings and rejected its application to custody modification orders. Bivens, 120

 N.C. App. at 469, 462 S.E.2d at 831; see also Lambert v. Riddick, 120 N.C. App. 480,

 482–83, 462 S.E.2d 835, 836 (1995). To modify custody orders, a party must follow

 the statutory requirements set forth in N.C. Gen. Stat. § 50-13.7(a). Accordingly, a

 trial court must “determine[ ] that (1) there has been a substantial change in
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 circumstances affecting the welfare of the child; and (2) a change in custody is in the

 best interest of the child.” Bivens, 120 N.C. App. at 469, 462 S.E.2d at 831 (citations

 omitted); see also N.C. Gen. Stat. § 50-13.7(a) (2019). Thus, in a custody modification

 proceeding, a fit parent who has not neglected the welfare of his or her children does

 not enjoy the same right to custody superior to that of a non-parent as the fit parent

 would possess in an initial custody proceeding. Bivens, 120 N.C. App. at 470, 462

 S.E.2d at 831. “To hold otherwise, would ease the burden of proof on a parent in a

 modification proceeding who had lost custody to a non-parent in a prior proceeding.”

 Brewer v. Brewer, 139 N.C. App. 222, 230, 533 S.E.2d 541, 548 (2000).

¶ 13 In Bivens, the trial court awarded custody of the parties’ children to the

 maternal grandparents, despite the trial court finding as fact that the children’s

 mother “was a fit and proper person to have [ ] primary custody, care and control of

 the minor children.” Bivens, 120 N.C. App. at 468, 462 S.E.2d at 830. The mother

 did not appeal from or challenge the initial custody order. Id. at 469, 462 S.E.2d at

 830. Relying on the Petersen presumption, she subsequently filed a motion to modify

 the custody order, arguing that she was not required to show a substantial change in

 circumstances as a natural parent since the trial court was mandated to award her

 custody over the non-parents. Id. at 468, 462 S.E.2d at 830. The trial court awarded

 the mother custody despite her insufficient showing of changed circumstances. Id. at

 468, 462 S.E.2d at 830. The grandparents appealed from the trial court’s order, and
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 this Court reversed the judgment, holding that the modification was improperly

 entered. Id. at 468, 462 S.E.2d at 830.

¶ 14 In this case, Plaintiff consented to a custody order in which third-party

 Intervenors were awarded primary physical and legal custody of his minor child, and

 he was awarded secondary physical custody. Neither Plaintiff nor Intervenors

 appealed from or otherwise objected to the consent order. Subsequent to the filing of

 the consent order, Plaintiff filed a motion for modification of child custody, as well as

 an amended motion to modify child custody in which he sought primary physical

 custody and joint legal custody with Defendant. In both motions, Plaintiff alleged a

 substantial change in circumstances warranting the modification to the custody

 order. The trial court, after considering the changed circumstances, awarded

 Plaintiff primary legal and physical custody of R.F.

¶ 15 Although the case at bar shares some factual similarities with Bivens, we are

 not persuaded by Intervenors’ argument that Bivens compels this Court to reverse

 the 20 December 2019 custody order. In comparing this case and Bivens, it is clear

 that in both cases: the grandparents were awarded child custody over the natural

 parents; the natural parents did not object to or appeal from the custody orders;

 subsequently, a natural parent in each case moved to modify the order; and the

 natural parents were awarded custody following their motions. In Bivens, this Court

 held that the natural parent was not entitled to custody because she failed to meet
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 her burden in showing changed circumstances and was awarded custody erroneously

 based on an improper application of the Petersen presumption. Conversely, here,

 Plaintiff put forth substantial evidence of changed circumstances and did not argue

 that he was entitled to custody over third parties based on his constitutionally-

 protected status as a natural parent. Although counsel for Plaintiff concedes that it

 misstated a fact from Bivens at the 17 July 2019 hearing by stating that the natural

 parent seeking to modify the custody order in that case “had a finding of unfitness

 inconsistent with the Constitution of protected rights,” Intervenors merely speculate

 on appeal with regard to the trial court’s application of the Petersen standard and the

 trial court’s reliance on Plaintiff’s counsel’s statement in entering its order.

 Furthermore, Intervenors contend in their brief that “[t]he proper avenue [for

 modifying the custody order] would have been to . . . file a motion in the cause alleging

 a substantial change of circumstance, without considering the constitutional right to

 parent the child.” Based on the record, Plaintiff has done exactly that—he filed two

 motions alleging a substantial and material change in circumstances without raising

 his constitutional rights as a natural parent.

¶ 16 Intervenors point to the trial court’s findings of fact 99, 100, and 101 to assert

 that the trial court entered its modification order in part based on the initial custody

 order’s lack of findings of fact as to the natural parents’ fitness or constitutionally

 protected status as parents. Intervenors challenge the following findings of fact:
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 99. There are no findings in any order in this file that
 the Plaintiff is unfit and/or has acted inconsistent
 with his constitutionally protected rights to parent /
 raise his child.

 100. There are no findings in any order in this file that
 the Defendant is unfit and/or has acted inconsistent
 with her constitutionally protected rights to parent /
 raise her child.

 101. The Defendant’s choices and instability before and
 since the entry of the prior Order constitute acting
 in a manner inconsistent with her constitutionally
 protected status.

¶ 17 In this case, findings of fact numbers 99 and 100 reference the lack of findings

 in the prior order with regard to the parents’ fitness and constitutionally-protected

 status, and finding of fact 101 relates to Defendant’s conduct prior to and subsequent

 to the entry of the consent order. In light of our holding in Bivens that the Petersen

 presumption is inapplicable to a modification of a child custody order, findings of fact

 99, 100, and 101 are unnecessary to our review of the modification order. See Bivens,

 120 N.C. App. at 469, 462 S.E.2d at 830. Furthermore, these findings were

 unnecessary to support the trial court’s conclusions of law 2 and 3 that (a) “[t]here

 has been a substantial change in circumstances since the entry of the current order

 affecting the welfare of the minor child” and that (b) “[t]he best interest of the minor

 child would be for the Court to modify the current custody order.” The aforementioned

 conclusions of law together with the trial court’s ample findings of fact to support
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 these conclusions satisfy the statutory requirements under N.C. Gen. Stat. § 50-

 13.7(a) for a modification of a custody order. Therefore, the trial court did not err in

 including findings of fact 99, 100, and 101 in its modification order because these

 factual findings were immaterial to the trial court’s determination of whether

 Plaintiff had made a “showing of changed circumstances” as statutorily required. See

 N.C. Gen. Stat. § 50-13.7(a).

 C. Substantial Change in Circumstances

¶ 18 In their second argument, Intervenors contend that the findings of fact in the

 modification order are not supported by competent evidence showing a substantial

 change in circumstances affecting the welfare of the minor child. We disagree.

¶ 19 The modification of a child custody order is governed by N.C. Gen. Stat. § 50-

 13.7. The statute provides: “an order of a court of this State for support of a minor

 child may be modified or vacated at any time, upon motion in this cause and a

 showing of changed circumstances by either party or anyone interested subject to the

 limitations of [N.C. Gen. Stat. §] 50-13.10.” N.C. Gen. Stat. § 50-13.7(a).

¶ 20 “[T]he modification of a custody decree must be supported by findings of fact

 based on competent evidence that there has been a substantial change of

 circumstances affecting the welfare of the child, and the party moving for such

 modification assumes the burden of showing such change of circumstances.” Blackley

 v. Blackley, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974) (citations omitted). “Where
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 no exception is taken to a finding of fact [made] by the trial court, the finding is

 presumed to be supported by competent evidence and is binding on appeal.” Berry v.

 Berry, 257 N.C. App. 408, 414, 809 S.E.2d 908, 912 (2018) (citation omitted). The

 effects of the substantial change in circumstances may be self-evident or may be

 proved by a “showing of evidence directly linking the change to the welfare of the

 child.” Shipman, 357 N.C. at 478, 586 S.E.2d at 256 (emphasis in original).

¶ 21 On appeal, Intervenors challenge only finding of fact 103. The trial court’s

 remaining one hundred and three findings of fact are uncontested; thus, are

 presumed to be supported by competent evidence. Berry, 257 N.C. App. at 414, 809

 S.E.2d at 912. Finding of fact 103 summarizes the basis for the trial court’s

 conclusion that a substantial change in circumstances affecting the welfare of the

 minor child occurred:

 103. [t]here have been substantial changes in
 circumstances since the entry of the current order.
 Those circumstances include the minor child
 starting school, the Plaintiff getting married and
 moving into a new home with his wife, step-son, and
 minor child, the Defendant enrolling in in-patient
 rehab in Texas for her drug addiction, the
 Defendant’s unemployment, the Defendant giving
 birth to another child, the Plaintiff’s change in
 employment wherein he now has employer provided
 health insurance for his family and paid vacation
 time, the minor child’s relationship with her step-
 brother [J.E.] and her step-mother Kelsey.

¶ 22 We first examine the trial court’s finding of fact 103 to determine whether it is
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 supported by substantial evidence. See Shipman, 357 N.C. at 474, 586 S.E.2d at 253.

¶ 23 Following two hearings, the trial court made the following pertinent findings

 of fact, inter alia, in support of its determination that a substantial change in

 circumstances had occurred that warranted modification of the consent order:

 12. Since the entry of the prior order the Plaintiff has
 remarried and is currently living with his wife,
 Kelsey Fecteau . . . in an approximate 1,500 square
 foot home with 3 bedrooms, 2 full bathes on
 approximately a ¼ acre in the cul-de-sac of a quiet
 neighborhood. The Plaintiff and his wife are leasing
 the residence with an option to buy.
 ....
 15. The Plaintiff has a step-son as a result of his
 marriage to Kelsey, said child being [J.E.] . . . who
 is 5 years of age. [J.E.] lives with the Plaintiff and
 Kelsey on a full-time basis. [J.E.] is the same age
 and in the same grade at school as his step-sister,
 [R.F.], who is the subject of this action.
 ....
 20. [R.F.] and [J.E.] have bonded and have a close loving
 relationship. They share some toys and frequently
 play together when they are both in the Plaintiff’s
 home.
 ....
 24. Kelsey feels as though [R.F.] is very much a part of
 their family, and the four of them complete their
 family unit.
 ....
 26. The Plaintiff presented photographs of his current
 home which is a fit and appropriate residence for the
 minor child, [R.F]. Said residence is appropriately
 appointed and well maintained.
 ....
 30. The Plaintiff and his family regularly attend
 Hickory Church of Christ. The Plaintiff and his
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 family are active in the church. [J.E.] and [R.F] and
 involved in the “kingdom kids” program at the
 church. [R.F.] is not able to be as involved in certain
 activities / programs at the church as [J.E.] because
 of the lack of custodial time with the Plaintiff.
31. [J.E.] and [R.F.] have formed a close brother / sister
 relationship during the marriage of the Plaintiff and
 Kelsey.
 ....
37. [R.F.] is currently not involved in any extra-
 curricular activities when she is with the
 Intervenors. The Plaintiff is currently not able to
 enroll [R.F.] in cheerleading or Scouts based on the
 current custody schedule and his custodial time.
 ....
39. The Plaintiff has Blue Cross Blue Shield health
 insurance through his employer. The Plaintiff
 currently carries health insurance on his wife,
 Kelsey, and both [J.E.] and [R.F.]. The Plaintiff did
 not have health insurance available through his
 former employer at the time the current order was
 entered.
 ....
41. The minor child [R.F.] prefers to share a bedroom
 with her step-brother [J.E.], even though there is a
 third bedroom.
 ....
45. Since the entry of the current order, the Defendant
 has had a third child, by another man. The
 Defendant has 3 children with 3 different men. The
 Plaintiff is the only father of the Defendant’s
 children who was married to the Defendant.
 ....
58. Since the entry of the current order, the Defendant
 attended out-patient drug rehab in Texas. The
 Defendant also stayed at a pregnancy care center /
 adoption center while in Texas.
 ....
61. The Defendant is currently unemployed. She last
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 worked at Wal-Mart but was relieved of that
 employments [sic] for missing work.
 ....
 104. This Order will serve the overall benefit of the
 minor child.

¶ 24 Intervenors did not challenge findings of fact 12, 15, 20, 24, 26, 30, 31, 37, 39,

 41, 45, 58, 61 or 104; thus, these findings are presumed to be competent evidence and

 are binding on this Court on appeal. See Berry, 257 N.C. App. at 414, 809 S.E.2d at

 912. Findings of fact 12, 15, 20, 24, 26, 30, 31, 37, 39, 41, 45, 58, 61 and 104 provide

 ample support for finding of fact 103; therefore, we conclude finding of fact 103 was

 supported by competent, substantial evidence.

¶ 25 Next, we determine whether the trial court’s findings of fact support its

 conclusions of law. See Shipman, 357 N.C. at 474, 586 S.E.2d 253. Intervenors take

 exception to one conclusion of law, conclusion of law 2, as not being “supported by

 findings of fact or competent evidence,” although they fail to explain their argument

 in their appellate brief. We disagree with Intervenor’s contention that conclusion of

 law 2 is not supported by competent evidence.

¶ 26 Conclusion of law 2 states: “There has been a substantial change in

 circumstances since the entry of the current order affecting the welfare of the minor

 child.” The modification order contained numerous unchallenged findings of fact to

 support the trial court’s legal conclusion that a substantial change in circumstances

 had occurred since the 19 July 2017 consent order was entered, which affected the
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 welfare of R.F.

¶ 27 We next consider whether the trial court erred in finding a substantial change

 in circumstances to warrant a modification to the trial court’s prior custody order.

 See Shipman, 357 N.C. at 481, 586 S.E.2d 257. “[T]he trial judge’s concern is to place

 the child in an environment which will best promote the full development of his

 physical, mental, moral, and spiritual faculties.” Blackley, 285 N.C. at 362, 204

 S.E.2d at 680 (citations omitted). “[C]ourts must consider and weigh all evidence of

 changed circumstances which affect or will affect the best interests of the child, both

 changed circumstances which will have salutary effects upon the child and those

 which will have adverse effects upon the child.” Pulliam, 348 N.C. at 619, 501 S.E.2d

 at 899. A modification of custody may be supported by either positive or negative

 changes. Id. at 620, 501 S.E.2d at 900.

¶ 28 Intervenors argue that the trial court’s findings with respect to Plaintiff’s

 change in residence, remarriage, and new employment as well as the minor child’s

 starting school were insufficient to show that a substantial change in circumstances

 occurred to modify the consent order or that the changes affected the welfare of the

 child. Intervenors contend multiple times in their brief that the trial court erred in

 modifying the custody order because it failed to “engage in the necessary comparison

 of Plaintiff’s circumstances with those of Intervenors.” However, this is not the

 standard by which the Courts in North Carolina determine child custody, although a
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 comparison between the circumstances of the parties may be appropriate in limited

 scenarios. See, e.g., Griffith v. Griffith, 240 N.C. 271, 275, 81 S.E.2d 918, 921 (1954)

 (stating that the trial court must make a “comparison[ ] between the two applicants

 upon consideration of all relevant factors, which of the two is best-fitted to give the

 child the home-life, care, supervision that will be most conducive to its well-being” in

 considering the relocation of a minor child to another state in a custody dispute); see

 also Evans v. Evans, 138 N.C. App. 135, 530 S.E.2d 576 (2000). Rather, in Pulliam,

 our Supreme Court interpreted N.C. Gen. Stat. § 50-13.7 to mean that the mandated

 “showing of changed circumstances” must be, or are likely to be impactful on the

 minor child. See Pulliam, 348 N.C. at 620, 501 S.E.2d at 900; see also N.C. Gen. Stat.

 § 50-13.7(a).

¶ 29 Furthermore, Intervenors assert that Defendant’s enrollment in drug

 rehabilitation, her unemployment, and her giving birth to a third child do not support

 the trial court’s findings of a substantial change in circumstances. We disagree; the

 trial court did not consider Plaintiff’s new residence, employment, remarriage or

 R.F.’s starting of school as sole, standalone factors in concluding there had been a

 substantial change in circumstances—rather, each factor was but one of several

 factors that the trial court utilized in its analysis to reach the decision to modify the

 custody order.

¶ 30 In this case, the effects of the substantial change in circumstances were self-
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

evident on the minor child’s welfare; thus, evidence directly linking the changes and

the welfare of R.F. was not required. Shipman, 357 N.C. at 478, 586 S.E.2d at 256.

There were numerous substantial changes in circumstances that had an obvious

positive impact on R.F.’s welfare including: Plaintiff’s new employment which

provided health insurance, paid vacation, and more flexibility; Plaintiff’s new three-

bedroom home; R.F. entering a new stage in life by beginning first grade with her

stepbrother; Plaintiff marrying his girlfriend, Kelsey; and R.F.’s close relationships

with Kelsey and her stepbrother of the same age and grade. Based on these factual

findings, Plaintiff’s living situation, home life, and his ability to care and provide for

R.F. had changed substantially since the 19 July 2017 consent order was entered.

See Metz v. Metz, 138 N.C. App. 538, 530 S.E.2d 79 (2000) (affirming there was a

substantial change in circumstances based on the father’s “reformed lifestyle” as

opposed to adverse changes in the mother’s lifestyle); Deanes v. Deanes, 269 N.C. App.

151, 837 S.E.2d 404 (2020) (holding that a minor child’s strong bond with his

stepmother and his father’s new child supported the conclusion of a substantial

change in circumstances); Shell v. Shell, 261 N.C. App. 30, 819 S.E.2d 566 (2018)

(affirming that a mother’s remarriage was a substantial change in circumstances

affecting the minor children’s welfare due to finding that the stepfather’s

“development of a strong relationship with the children and his positive involvement

in the children’s lives”).
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

¶ 31 Here, since the entry of the prior order, Plaintiff went from sharing a home

 with a roommate that did not have space for the minor child to stay the night, to

 remarrying and moving into a three-bedroom home that could comfortably

 accommodate R.F. residing with him. Upon marrying, Plaintiff became the

 stepfather to a child the same age as his daughter, and Plaintiff shares a close bond

 with him in a “dad” role as evidenced by Plaintiff’s participation in J.E.’s

 extracurricular activities, school activities, and homework responsibilities. The

 findings of fact also show that Plaintiff’s new wife has warmly accepted R.F. into their

 family unit, and R.F. has developed strong, loving relationships with her stepmother

 and her stepbrother. The family regularly attends church together, and Plaintiff is

 interested in enrolling R.F. in extracurricular activities with her stepbother. Based

 on the trial court’s findings, if Plaintiff had additional custody time, he would enroll

 R.F. in extracurricular activities such as cheerleading, Cub Scouts, and his church’s

 programs for children. The record also indicates that J.E. and R.F. would attend the

 same grade in the same school if R.F. lived with Plaintiff, which would allow Plaintiff

 or Kelsey to pick them both up from school together. The findings of fact show that

 Plaintiff has not missed visitation with R.F. and has sought additional custodial time

 but has only been allowed one overnight with R.F. since the entry of the prior order.

¶ 32 Plaintiff went from working two jobs at U-Haul and Dunkin’ Donuts to working

 one job as a shop manager for an industrial engineering company, which gave him
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 more time to spend with R.F. through flexible scheduling and paid vacation. His new

 employment also provides health insurance to R.F., Kelsey, and J.E., which would

 clearly have a positive impact on R.F.’s physical welfare considering that her “toe

 walking” condition requires therapy appointments with an orthopedic specialist.

 Neither Intervenors nor Defendant carried health insurance on R.F. prior to Plaintiff

 obtaining insurance through his employment, and Intervenors choose to rely solely

 on the government-assisted program of Medicare rather than using the coverage

 Plaintiff provides to them for R.F. Plaintiff’s “series of developments” in his life were

 sufficient to show a substantial change in circumstances that warranted modifying

 the consent order. See Shipman, 357 N.C. at 480, 586 S.E.2d at 257 (holding that a

 “series of developments” for a parent, including a change in employment, an

 imminent marriage, and a new home constituted a showing of a substantial change

 in circumstances that would likely be beneficial to the minor child). Additionally, it

 is evident that these changes would “promote the full development of [R.F.’s] physical,

 mental, moral, and spiritual faculties.” See Blackley, 285 N.C. at 362, 204 S.E.2d at

 680.

¶ 33 Although Plaintiff sought a joint legal custody arrangement with Defendant,

 the trial court made findings of fact regarding her unstable circumstances since the

 last order, and accordingly, precluded her from exercising primary or secondary

 custody. The trial court made the decision to continue Defendant’s supervised
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

 visitation of R.F. based on Defendant’s substantial change in circumstances,

 including her: (1) unemployment; (2) enrollment in a Texas in-patient rehab for drug

 addiction; and (3) third child being born. These findings were supported by findings

 of fact 45, 58, and 61, to which Defendant did not take exception; thus, these findings

 of fact were binding on appeal. Findings of facts 45, 58, and 61 support the trial

 court’s conclusion of law that there had been a substantial change in circumstances

 considering that Defendant now visits R.F. at Intervenors’ house up to six nights per

 week when R.F. is in Intervenors’ custody. Taken in conjunction with Plaintiff’s

 beneficial changes to the welfare of the minor child, the trial court’s conclusions of

 law warranted the trial court to modify the custody order in favor of Plaintiff.

¶ 34 Finally, we examine whether the trial court properly concluded that a

 modification to the consent order was in the minor child’s best interest. “As long as

 there is competent evidence to support the trial court’s findings, its determination as

 to the child’s best interests cannot be upset absent a manifest abuse of discretion.”

 Stephens v. Stephens, 213 N.C. App. 495, 503, 715 S.E.2d 168, 174 (2011) (citation

 and quotations omitted). We hold that there is competent evidence to support the

 trial court’s findings; therefore, we discern no abuse of discretion in the trial court’s

 determination that the modification order was in R.F.’s best interest.

 V. Conclusion

¶ 35 We hold the trial court did not err by finding as fact in its modification order
 FECTEAU V. SPIERER

 2021-NCCOA-134

 Opinion of the Court

that there was an absence of findings of fact in the initial custody order regarding

whether Plaintiff or Defendant are unfit or have acted inconsistently with their

constitutionally-protected right as parents because such findings of fact are

superfluous in our determination of whether there had been a substantial change in

circumstances. Moreover, we hold the trial court did not err by modifying the custody

order because the trial court’s conclusion of law that there had been a substantial

change in circumstances is supported by findings of fact, which are in turn based on

competent evidence. The substantial change in circumstances presented by Plaintiff

justifies the trial court’s decision to enter the modification order.

 AFFIRMED.

 Judges ARROWOOD and HAMPSON concur.